623 A.2d 1

Harvey W. GROSSMAN, Trading as Grossman & Company, and Harvey W. Grossman, Individually (Heretofore Trading as Silver and Company, and Lewis P. Silver and Harvey W. Grossman, Individually), Appellant,

v.

Paul R. ROSEN, and Spector, Cohen, Gadon & Rosen, Appellees.

Superior Court of Pennsylvania.

Argued Oct. 29, 1992.

Filed April 13, 1993.

464

---

Charles Sovel, Philadelphia, for appellant.

Ann Miller, Philadelphia, for appellees.

Before WIEAND, OLSZEWSKI and HOFFMAN, JJ.

WIEAND, Judge:

The present appeal derives from a suit brought by an accounting firm against an attorney who allegedly sent fraudulent letters to the clients of the firm. The trial court, concluding that the action was barred by the prohibition against double recovery and principles of collateral estoppel, granted the attorney's motion for summary judgment. Following careful review, we conclude that the grant of summary judgment was improper and must be reversed.

The relevant facts are as follows. In the latter part of 1980, Attorney Paul R. Rosen, acting on behalf of Alan Grossman ("A. Grossman"), began directing letters to clients of the accounting firm of Grossman and Company.[1] These letters were captioned "Notice of Dissolution." They stated that A.

---

1. At this time, the accounting firm was operating under the name of "Silver and Company."

Grossman had withdrawn as a partner of the firm of Grossman and Company and had assumed the position of "liquidating partner," assigned to winding up the affairs of the firm. Clients were advised that the firm would be terminated and that they were to forward outstanding fees to a dissolution account, in which the funds would be held in escrow.

Upon learning of Rosen's letters, the accounting firm filed an action against A. Grossman, defendant, in which it alleged that A. Grossman was not a partner in the firm, that the firm was not being dissolved, and that A. Grossman had never been authorized to assume the role of "liquidating partner." The complaint alleged that Grossman's conduct had constituted libel, injurious falsehood and interference with contractual relationships. Compensatory and punitive damages were sought, together with counsel fees and injunctive relief. This action against A. Grossman was eventually removed to the United States District Court for the Eastern District of Pennsylvania, where, following trial by jury, a judgment was recovered for compensatory damages of $365 and punitive damages of $12,000. No portion of the judgment was paid, however, and A. Grossman later died.

In the meantime, the firm of Grossman and Company had filed the present action against Rosen in which it made essentially the same claims which it had made against A. Grossman and in which it sought to recover compensatory and punitive damages, as well as counsel fees. After the verdict had been entered in the federal action against A. Grossman, Rosen filed a motion for summary judgment, contending that the accounting firm was seeking a double recovery and that the action was barred by principles of collateral estoppel. The trial court agreed and granted Rosen's motion for summary judgment. Grossman and Company appealed.

Summary judgment is proper where the moving party demonstrates that there is no genuine issue of material fact and that he or she is entitled to judgment as a matter of law. See: *Carns v. Yingling*, 406 Pa.Super. 279, 282, 594 A.2d 337, 339 (1991); *Okkerse v. Howe*, 405 Pa.Super. 608, 612, 593 A.2d 431, 432–433 (1991), *allocatur denied*, 529 Pa. 651, 602 A.2d

861 (1992), quoting *Marks v. Tasman,* 527 Pa. 132, 134, 589 A.2d 205, 206 (1991). An appellate court's review of an entry of summary judgment is plenary. Therefore, we must apply the same rules of law utilized by the trial court in making its determination. See: *Briggs v. Erie Ins. Group,* 406 Pa.Super. 560, 566, 594 A.2d 761, 764 (1991).

■ Appellant's action against Rosen is not barred by principles of collateral estoppel. Collateral estoppel, or issue preclusion, " 'operates to prevent a question of law or an issue of fact which has once been litigated and adjudicated finally in a court of competent jurisdiction from being relitigated in a subsequent suit.' " *Schultz v. Connelly,* 378 Pa.Super. 98, 102 n. 4, 548 A.2d 294, 296 n. 4 (1988), quoting *Day v. Volkswagenwerk Aktiengesellschaft,* 318 Pa.Super. 225, 236, 464 A.2d 1313, 1318 (1983).

> " '[A] plea of collateral estoppel is valid if, 1) the issue decided in the prior adjudication was identical with the one presented in the later action, 2) there was a final judgment on the merits, 3) the party against whom the plea is asserted was a party ... to the prior adjudication, and 4) the party against whom it is asserted has had a full and fair opportunity to litigate the issue in ... question in a prior action.' "

*Day v. Volkswagenwerk Aktiengesellschaft,* 318 Pa.Super. 225, 237, 464 A.2d 1313, 1319 (1983) (quoting *In re Estate of R.L.L.,* 487 Pa. 223, 228 n. 8, 409 A.2d 321, 323 n. 8 (1979), quoting *Safeguard Mutual Insurance Co. v. Williams,* 463 Pa. 567, 574, 345 A.2d 664, 668 (1975)).

*Schultz v. Connelly, supra* 378 Pa.Super. at 102–103, 548 A.2d at 296.

■ Here, the parties are not identical to the ones in the prior federal litigation. The defendant in the prior action was A. Grossman, the principal; the defendant in the instant action is Paul R. Rosen, the attorney. Because of the relationship between A. Grossman and Paul R. Rosen, the issues pertaining to liability will also be different. Therefore, the

trial court erred when it held that the present action was barred by principles of collateral estoppel or res judicata.[2]

The trial court also erred when it concluded that appellant could not maintain the present action because, if successful, there would be a double recovery. Appellant could assert its cause of action against as many parties as were separately liable to it and recover a judgment against all of them. See: Restatement (Second) of Judgments § 49 (1980). However, it is entitled to only one satisfaction. See: 20A P.L.E. Judgment § 442 (1990). Here, appellant has already recovered a judgment against A. Grossman, the principal, but the judgment has not been satisfied. Under these circumstances, appellant is not barred from pursuing an action against the attorney. See: *Hilbert v. Roth,* 395 Pa. 270, 272, 149 A.2d 648, 650 (1959).

Because this action must be remanded, it would be inappropriate to express any opinion regarding the damages potentially recoverable therein. Therefore, we do not now consider whether the plaintiff-appellant has stated a valid claim for counsel fees and expenses.

We also express no opinion regarding the liability of a lawyer for damages under the circumstances alleged in the complaint. We hold only that appellant's cause of action against the lawyer-agent is not barred by an unsatisfied judgment recovered by appellant in an action against the client-principal.

Reversed and remanded for further proceedings. Jurisdiction is not retained.

---

**2.** "Res judicata" is the doctrine which bars an action based on the same claim or cause of action asserted in a prior action. As res judicata also requires the identity of parties, see: *City of Pittsburgh v. Zoning Bd. of Adjustment,* 522 Pa. 44, 54, 559 A.2d 896, 901 (1989), it, too, is inapplicable here.