Kenneth L. SIPE, Plaintiff,

v.

FORD MOTOR COMPANY, Defendant.

Civ. A. No. 1:CV–93–899.

United States District Court,
M.D. Pennsylvania.

Oct. 19, 1993.

Brian J. Puhala, Sr., Handler & Wiener, Harrisburg, PA, for plaintiff.

Charles W. Rubendall, II and Donald M. Lewis, III, Keffer, Wood, Allen & Rahal, Harrisburg, PA, for defendant.

## MEMORANDUM

CALDWELL, District Judge.

Pending is Defendant's motion for summary judgment. We exercise jurisdiction according to 28 U.S.C. § 1332.

### I. *Facts and Procedural History*

Plaintiff, Kenneth Sipe, is an employee of the Pennsylvania Turnpike Commission. He alleges that on April 4, 1991, he was injured by a product designed and manufactured by Defendant, Ford Motor Company ("Ford"). Plaintiff was describing the hydraulic systems of two Ford L–9000 trucks to two other employees. At one point in his description, he stood between the trucks with a foot on each. When he put his hand on the rear door handle of one of the trucks to steady himself, he alleges he suffered a powerful electric shock that caused him to fall and suffer certain injuries. Plaintiff argues that the engine block heater of one of the trucks was miswired so that, when he touched both trucks, his body completed an electrical circuit and he was injured.

Plaintiff filed a complaint against Ford on May 25, 1993, in the Court of Common Pleas of Dauphin County, Pennsylvania. Ford removed the case on June 16, 1993.

### II. *Law and Discussion*

The complaint states claims under three theories: strict liability, negligence, and breach of warranty. Defendant has moved for summary judgment because the engine block heater is unavailable. Apparently the heater was repaired by the Turnpike Commission. Thus, Defendant argues that it would be severely prejudiced in defending a products liability case in which its experts would not have access to the product. Plaintiff answers that he could not prevent the Turnpike Commission from repairing the block heater and that he can produce for trial witnesses to his accident and mechanics who saw the allegedly defective component.

Pennsylvania courts have recognized a public policy rule against allowing products liability cases to go forward when the product itself is unavailable for inspection.

In *Roselli v. General Elec. Co.*, 410 Pa.Super. 223, 599 A.2d 685 (1991), the court affirmed the trial court's grant of summary judgment in a case in which a woman claimed to have been injured by a defective coffee machine carafe that exploded in her hand. *Id.* 599 A.2d at 686. The fragments of the carafe were thrown away and General Electric, the manufacturer, was not able to examine it in order to prepare its defense. The Superior Court held that summary judgment was appropriate, citing *Martin and Greenspan v. Volkswagen of America*, No. 88–8261, 1989 WL 81296 (E.D.Pa. July 13, 1989). In that case, a woman claimed she was injured by a defective automobile accelerator. How-

ever, the plaintiff sold the automobile before filing her complaint so that it was unavailable for the defendant to inspect. The court entered summary judgment.

"To permit claims of defective products where a purchaser of the product has simply thrown it away after an accident, would both encourage false claims and make legitimate defense of valid claims more difficult. It would put a plaintiff (or plaintiff's attorney) in the position of deciding whether the availability of the item would help or hurt his or her case. Where producing the product for defense inspection would weaken rather than strengthen a case, we unfortunately are obliged to conclude that some plaintiffs and attorneys would be unable to resist the temptation to have the product disappear." Here, it is simply not enough for plaintiffs to say that Volkswagen should have examined the car when it had the chance. The defendant has been deprived of the opportunity to have an expert examine the car and to testify, if appropriate, that a defect did not cause the Audi to malfunction. Therefore, plaintiffs should not be permitted to proceed without producing the vehicle.

*Id.* at \*2, *quoting Friend v. The Pep Boys*, 292 Pa.Super. 569, 433 A.2d 539 (1981).

We agree with the Pennsylvania Superior Court and the U.S. District Court for the Eastern District of Pennsylvania. A products liability case focuses on the product itself. Often, such trials involve competing expert testimony that juries must evaluate. To allow a plaintiff to go forward with a case in which the defendant's expert would not be able to examine the very product at issue would be unfairly prejudicial. In the instant case, Plaintiff argues that Defendant would be able to cross-examine his witnesses. While true, cross-examination is only part of a products liability defense. Because Plaintiff claims that the particular heater at issue was improperly wired, it would not even be feasible for Ford to inspect another, similar model.

There is ample support for a public policy rule that a plaintiff in a products liability action must produce the product for the defendant's inspection. In the case at bar,

Plaintiff admits that he can not do so, and even through the cause is beyond his control, we are compelled to dismiss the case for public policy reasons.

We shall issue an appropriate order.

### ORDER AND JUDGMENT

AND NOW, this 19th day of October, 1993, upon consideration of Defendant's motion for summary judgment, it is ordered that:

1. The motion is granted.

2. Judgment is entered in favor of Defendant and against Plaintiff.

3. The Clerk of Court shall close the file.