**Butler v. Samsonite Furniture Company**

C.P. of Montgomery County, no. 91-19029.

*Carl Soifer,* for plaintiff.
*Angelo Scaricamazza Jr.,* for defendant.

SUBERS, *J.,* October 20, 1994—

## HISTORY OF THE CASE

On October 7, 1989, plaintiff Lois Butler was allegedly injured when she sat in a chair which was in the possession and control of defendant Cheltenham Shopping Center Associates and Cheltenham DeBartolo Properties Inc. The plaintiffs allege that the chair was manufactured by moving defendant Lineal Group Inc. d/b/a Samsonite Furniture Company. The chair in question was subsequently discarded by defendant Cheltenham. Defendant Samsonite filed a motion for summary judgment on December 3, 1993. This motion was granted on August 23, 1994. The plaintiffs now appeal.

## ISSUE

Are the plaintiffs precluded from recovery because of removal and loss of damaged property?

## DISCUSSION

Summary judgment should be granted when, after examining the record in favor of the nonmoving party, there is no genuine issue of material fact and the movant clearly establishes an entitlement to judgment as a matter of law. *Dwight v. Girard Medical Center*, 154 Pa. Commw. 326, 623 A.2d 913 (1993); *Grossman v. Rosen*, 424 Pa. Super. 463, 623 A.2d 1 (1993); *Fletcher v. Raymond Corporation*, 424 Pa. Super. 605, 623 A.2d 845 (1993). Summary judgment should not be entered unless a case is free from doubt; the moving party must prove that there is no genuine issue of material fact to be tried and that it is entitled to judgment as a matter of law and, moreover, the record must be viewed in the light most favorable to the nonmoving

party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. *Richland Mall Corporation v. Kasco Construction Co. Inc.*, 337 Pa. Super. 204, 486 A.2d 978 (1984); *Shoats v. Commissioner, Pennsylvania Department of Corrections*, 139 Pa. Commw. 607, 591 A.2d 326 (1991); *Raffensberger v. Moran*, 336 Pa. Super. 97, 485 A.2d 447 (1984). When a motion for summary judgment is made and supported as provided in the summary judgment rule, the nonmoving party may not rest upon mere allegations and denials of his or her pleadings; to avoid summary judgment, the nonmoving party must set forth specific facts by way of affidavit, or as otherwise provided in the rule, demonstrating that a genuine factual issue exists. *Liles v. Balmer*, 389 Pa. Super. 451, 567 A.2d 691 (1989); *Sanchez by Sanchez v. Philadelphia Housing Authority*, 148 Pa. Commw. 329, 611 A.2d 346 (1992). Furthermore, the party moving for summary judgment may not rely solely on its own testimonial affidavits or depositions or those of its witnesses to establish the nonexistence of a genuine issue of material fact. *Dudley v. USX Corporation*, 414 Pa. Super. 160, 606 A.2d 916 (1992), *appeal denied*, 532 Pa. 663, 616 A.2d 985 (1992). Only where pleadings, answers to interrogatories, depositions, admissions and affidavits establish that the movant's right to relief is clear and free from doubt should a court grant summary judgment. *McNeal v. City of Easton*, 143 Pa. Commw. 151, 598 A.2d 638 (1991).

In the case at bar there is no factual dispute over whether the chair is missing. Likewise, as a matter of law, Samsonite cannot be expected to defend a suit in which it is unable to examine the source of its alleged liability. This Commonwealth recognizes a public policy rule against allowing products liability cases to proceed

where the product itself is unavailable for inspection. *Sipe v. Ford Motor Company*, 837 F. Supp. 660 (M.D. Pa. 1993). Where a plaintiff brings suit claiming that she suffered an injury as a result of a defective product, her failure to produce that product for inspection by the defendant will render summary judgment against her appropriate. *DeWeese v. Anchor Hocking Consumer and Industrial Products Group*, 427 Pa. Super. 47, 628 A.2d 421 (1993). See *Roselli v. General Electric Co.*, 410 Pa. Super. 223, 599 A.2d 685 (1991); *Martin and Greenspan v. Volkswagen of America*, no. 88-8261, 1989 WL 81296 (E.D.Pa. July 13, 1989) (unpublished opinion). It would be unfairly prejudicial to the defendant to allow a plaintiff to go forward with a case in which the defendant's expert was not able to examine the product at issue. *Sipe v. Ford Motor Company, supra* at 661. Plaintiffs in a products liability suit must produce the product so the defendant can inspect it. *Id.* Since the plaintiffs were unable to produce the chair for Samsonite's inspection, summary judgment as to Samsonite was properly granted.

The plaintiffs contend that this court erred because Cheltenham, not the plaintiffs, discarded the chair. Plaintiff argues that she never knew of the chair, never held the chair in her possession, never used the chair in any of her daily chores, had no attachment whatsoever to the chair except for the single moment when she sat upon it and it collapsed, and had no right to ask for possession of the damaged chair. Plaintiff contends that, as a result, she cannot be held responsible for its disappearance.

The plaintiff has a duty to ensure that the evidence is maintained by either herself or another party. While she claims that she only had one contact with the chair, the chair was in the possession of Cheltenham until

mid-April of 1994. (Deposition of Edmond Kenyon, pp. 78-79.) There was ample opportunity for the plaintiff to ensure that the chair would be kept safe and not discarded. The plaintiff's failure to do so has caused irreparable prejudice to Samsonite.

Furthermore, the fact that Cheltenham, and not plaintiff, lost the chair is irrelevant to the prejudicial effect on Samsonite. The Superior Court recently held that this type of bar to the plaintiff's suit applies even when the plaintiff never had control of the product and the product was discarded by a third party. See *DeWeese*, *supra*; *Schwartz v. Subaru of America Inc.*, 851 F. Supp. 191, 193 (E.D.Pa. 1994). The fact that another defendant lost the chair results in the same disadvantage to Samsonite as if the plaintiff had lost it. Thus, regardless of who lost the chair, without the product, Samsonite is prohibited from properly defending the suit. Therefore, while the plaintiff may still be able to proceed against Cheltenham because of this defendant's failure to maintain the chair, the plaintiff cannot proceed against Samsonite because of the prejudice to Samsonite in defending the suit without the chair.

Cheltenham contends that Samsonite can proceed without the chair because the suit contains a design defect claim. Therefore, the contention is that any similar chair can be examined for the same defect. However, while other like chairs may have the same defect, without the chair at issue there is no way to know whether it was that defect that caused the injury. The defect must be a source of the harm for there to be a recovery. Without knowing how the harm occurred, it is impossible to know whether the defect was a cause or not.

Because Samsonite is unfairly prejudiced by the spoliation of the allegedly defective product, it cannot be expected to defend the suit. The fact that another de-

fendant lost the chair, and not the plaintiffs, does not obviate the prejudice to Samsonite. This result is further bolstered by the fact that the plaintiffs had four and a half years in which to ensure the safety of the chair. Therefore, summary judgment was properly granted.

## CONCLUSION

Based on the foregoing analysis, the decision of this court should be affirmed.