### Clark v. Heintzelman

*David B. Dowling,* for plaintiff.
*Charles H. Saylor,* for defendant.

FEUDALE, *J.,* November 29, 1995—The plaintiff was involved in a traffic accident with the defendant. The plaintiff had chosen the limited tort option in regards to her auto insurance. A limited tort option only permits recovery for non-economic damages such as pain and suffering when the injured party sustains a "serious injury." 75 Pa.C.S. §1705. Serious injury is defined

as death, serious impairment of body function, or permanent serious disfigurement. 75 Pa.C.S. §1702.

The court shall grant summary judgment where there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Grossman v. Rosen,* 424 Pa. Super. 463, 465, 623 A.2d 1, 2 (1993). The court finds conflicting medical opinions as to the extent of plaintiff's injury and whether the plaintiff sustained a serious bodily injury. Therefore, we must deny the defendant's motion for summary judgment.

Recently, our Superior Court addressed the issue as to how we should address a motion for summary judgment concerning whether a plaintiff, who had chosen the limited tort option, had sustained a serious injury in an auto accident. The Superior Court stated it is the function of the judge to determine whether a plaintiff has suffered a serious injury. *Dodson v. Elvey,* 445 Pa. Super. 479, 665 A.2d 1223 (1995).

*Dodson* states that "[i]n the context of summary judgment the court must determine initially . . . whether the defense as moving party has established that plaintiff has not suffered serious impairment of a body function; or . . . whether there remains a genuine issue of material fact for the jury to decide." *Id.* at 494, 665 A.2d at 1231. The Superior Court emphasized that in deciding whether a material issue of fact exists for the jury to determine, the trial court should not focus on the injury but focus instead on the nature and extent of the plaintiff's impairment that resulted from the injury. *Id.*

Both parties had medical doctors either examine the plaintiff or review the plaintiff's medical reports. The

defendant argues that the only impairment of the plaintiff is some minor difficulty in turning her neck. The defendant argues that the difficulty in turning her neck does not rise to the level of a serious impairment. The plaintiff argues that she was examined by Dr. Bruce Goodman who states that she now suffers, as a result of the accident, from a 15 percent whole body impairment.

*Dodson* also puts forth an analysis to determine whether a serious impairment of body function exists.

"a) What body function, if any, was impaired because of injuries sustained in a motor vehicle accident?

"b) Was the impairment of body function serious? The focus of these inquiries is not on the injuries themselves, but on how the injuries affected a particular body function. Generally, medical testimony will be needed to establish the existence, extent, and permanency of the impairment . . . In determining whether the impairment was serious, several factors should be considered: the extent of the impairment, the particular body function impaired, the length of time the impairment lasted, the treatment required to correct the impairment, and any other relevant factors. An impairment need not be permanent to be serious." *Id.* at 499, 665 A.2d at 1233, quoting *DiFranco v. Pickard,* 427 Mich. 32, 39, 398 N.W.2d 896, 901 (1986).

Utilizing *Dodson's* analysis in the light most favorable to the non-moving party, we first note that the plaintiff's body impairment involves a restriction of the range of motion in the plaintiff's neck when moving side to side and up and down. Next we must consider whether the impairment is serious.

The extent of the plaintiff's impairment includes a restricted range of motion in her neck. She also suffers pain in her neck as well as behind both shoulders. The plaintiff suffers a whole body impairment rating of 15 percent. As already noted, the plaintiff's restricted neck movement constitutes the particular function that is impaired. The medical reports are unclear whether the problems will resolve themselves with time or continue. However, we note that it is now over three years since the date of the accident and the plaintiff has not obtained relief from her medical problems resulting from the accident. The plaintiff has undergone a diskectomy and a cervical spine fusion. She currently takes 12 to 20 Advil pain relievers per day.

The plaintiff's medical condition stems from objective medical reports. However, the defendant's medical experts have not agreed that the plaintiff's condition constitutes a serious medical impairment. The defendant refers to Dr. Lawrence Tomack's medical evaluation in which he found no disability and stated that the injuries stemming from the accident had been resolved.

Because we find a disparity between the parties' medical reports concerning the plaintiff's injury, we cannot determine that the plaintiff has met the " 'serious impairment of body function' threshold." *Dodson, supra* at 497, 665 A.2d at 1232. We find that there exists a substantial dispute of fact concerning the threshold issue and therefore the issue is one for the trier of fact. For the foregoing reasons, we issue the following order.

## ORDER

And now, November 29, 1995, it is ordered and directed that defendant's motion for summary judgment is denied.