## Mrs. Smith's Frozen Foods Co. v. Freezing Equipment Sales Inc.

*William G. Flint,* for plaintiff.

*Steven B. Kantrowitz,* for defendants Toshiba International Corp. and Ram Motors..

*John R. Warner,* for defendant Freezing Equipment Sales.

*Harold L. Frank,* for defendant CPI Engineering Services.

*Francis J. Grey,* for defendant RegO Co.

SUBERS, *J.,* December 13, 1995—

## FACTUAL HISTORY

Plaintiff, Mrs. Smith's Frozen Foods Company, seeks to recover damages sustained as the result of a fire which occurred at Mrs. Smith's refrigeration compressor room on or about August 30, 1990, alleging negligence, strict liability and breach of warranty arising from the design, manufacture, installation and supply of an allegedly defective ammonia refrigeration compressor system and/or component parts which were installed at the plaintiff's facility by defendant Freezing Equipment Sales Incorporated. Plaintiff alleged in its complaint that on or about August 31, 1989, Mrs. Smith's purchased from and hired F.E.S. to install an ammonia refrigeration compressor system for its frozen food manufacturing plant.

Approximately one year later, on August 31, 1990, a fire occurred in this same compressor room, which plaintiff alleged was caused by oil and ammonia escaping from the compressor pump/motor, which then ignited causing the fire. After several years of pleadings and further discovery, during a visit to Mrs. Smith's plant on December 17, 1993 for inspection of the area and items at issue by all parties, their attorneys and their respective experts, it was discovered that the front end bearings of the motor which plaintiff contends caused the fire had disappeared from the warehouse, and to date have never been located. Defendants contend that these items were crucial evidence as the validity of plaintiff's claim rests on the inspection of these parts.

## PROCEDURAL HISTORY

Plaintiff commenced this action by filing a complaint on September 25, 1991 against defendant F.E.S. Additional defendants Toshiba International Corporation, Ram Motors and Control Company, RegO Company,

and CPI Engineering Services Incorporated were joined by praecipe in December 1991.

Defendant F.E.S. filed a complaint against additional defendant, RegO on February 12, 1992, as well as an amended complaint against RegO on June 4, 1992. A separate complaint against defendant CPI was filed by F.E.S. on February 12, 1992, and an amended complaint was also filed by F.E.S. on June 4, 1992. Lastly, a joint complaint was filed by F.E.S. against additional defendants Toshiba and Ram Motors on February 12, 1992.

Plaintiff filed a motion to amend complaint on February 24, 1992, and subsequently filed an amended complaint on April 27, 1992. However, the allegations by the plaintiff in this amended complaint remained solely against defendant F.E.S., and not against any of the additional defendants.

Defendant CPI was dismissed from the case with prejudice pursuant to a stipulation dated October 6, 1994 before the Honorable William R. Carpenter with regards to the plaintiff, defendant F.E.S., and defendant RegO. CPI was dismissed from the case without prejudice pursuant to a second stipulation dated October 6, 1994 before Judge Carpenter, with regards to defendant Toshiba, and defendant Ram Motors.

Defendant RegO filed a motion for summary judgment on August 24, 1995, which remains outstanding, due to the failure to praecipe the motion for argument before the court, and because of the order of this court dated September 5, 1995, granting summary judgment to defendant F.E.S.

Additional defendant, Ram Motors filed a motion for summary judgment against joining defendant F.E.S., and a separate motion for summary judgment against the plaintiff on March 13, 1995. Additional defendant Toshiba filed a motion for summary judgment against plaintiff and a second motion for summary judgment

against joining defendant F.E.S. on March 13, 1995. On May 9, 1995, defendant F.E.S. filed a motion for summary judgment against the plaintiff, Mrs. Smith's. Excluding additional defendant RegO's motion for summary judgment for reasons mentioned above, all motions for summary judgment were consolidated for argument purposes, and argument was held before this court on August 2, 1995. After review of memoranda of law and oral argument, this court granted summary judgment in favor of defendant F.E.S. and additional defendants Ram Motors and Toshiba, in three separate orders dated September 5, 1995. Plaintiff appealed the September 5, 1995 orders on September 19, 1995. Pursuant to Pa.R.A.P. 1925(b) and this court's order dated September 19, 1995 plaintiff filed a concise statement which alleged in excess of 31 points of appeal.

## DISCUSSION

The sole issue before this court is whether summary judgment was properly granted as to each of the three defendants due to the failure of the plaintiff to preserve the necessary parts of machinery for examination by each of the parties and experts in preparation for trial.

Summary judgment should be granted when, after examining the record in favor of the nonmoving party, there is no genuine issue of material fact and the movant clearly establishes an entitlement to judgment as a matter of law. *Dwight v. Girard Medical Center,* 154 Pa. Commw. 326, 623 A.2d 913 (1993); *Grossman v. Rosen,* 424 Pa. Super. 463, 623 A.2d 1 (1993); *Fletcher v. Raymond Corp.,* 424 Pa. Super. 605, 623 A.2d 845 (1993). Summary judgment should not be entered unless a case is free from doubt; the moving party must prove that there is no genuine issue of material fact to be tried and that it is entitled to judgment as a matter of law and, moreover, the record must be viewed in

the light most favorable to the nonmoving party. *Richland Mall Corp. v. Kasco Construction Co. Inc.,* 337 Pa. Super. 204, 486 A.2d 978 (1984); *Shoats v. Commissioner, Pennsylvania Department of Corrections,* 139 Pa. Commw. 607, 591 A.2d 326 (1991); *Raffensberger v. Moran,* 336 Pa. Super. 97, 485 A.2d 447 (1984). Only where pleadings, answers to interrogatories, depositions, admissions and affidavits establish that the movant's right to relief is clear and free from doubt should a court grant summary judgment. *McNeal v. City of Easton,* 143 Pa. Commw. 151, 598 A.2d 638 (1991).

In the case at bar, there is no dispute that the motor bearings of the machine which plaintiff contends started the fire have been missing since the attempted inspection on the premises of Mrs. Smith's plant on December 17, 1993. As such, defendant F.E.S., additional defendant Toshiba, and additional defendant Ram Motors cannot be expected to defend themselves against a claim without the ability to inspect the very item that allegedly caused the fire. Defendant F.E.S. has alleged from the inception of this case that the failure of the plaintiff to properly maintain and lubricate the bearings at issue could have sparked the chain reaction which resulted in the fire. Defendant F.E.S. also acknowledged the possibility of a manufacturing defect as the cause of the failure of the front end motor bearings to spark such a reaction. However, in order to determine the actual cause of the alleged failure, defendants' experts must examine the items in question. Since the disappearance of the bearings in 1993, this is no longer possible, and as a result the defense is unduly prejudiced from proceeding with this case. Where the plaintiff brings suit claiming that it has suffered injury as a result of a defective product, its failure to produce that product for inspection by the defendant will render summary judgment against the plaintiff appropriate. *DeWeese v. Anchor Hocking Consumer and Industrial*

*Products Group,* 427 Pa. Super. 47, 628 A.2d 421 (1993). See *Roselli v. General Electric Co.,* 410 Pa. Super. 223, 599 A.2d 685 (1991). It would be unfairly prejudicial to the defendant(s) to allow a plaintiff to go forward with a case in which the defendant(s)' expert(s) w(ere) not able to examine the product at issue. *Sipe v. Ford Motor Company,* 837 F. Supp. 660, 661 (M.D. Pa. 1993). Plaintiffs in a product liability case must produce the product so the defendant(s) can inspect it. *Id.*

John Gawrys, a refrigeration supervisor employed by the plaintiff since 1989, stated clearly in his sworn affidavit dated April 6, 1995: "The front bearing for the motor was found to be missing in December 1993. *To this date, it has not been located.*"[1] In addition, Steven B. Kantrowitz, attorney for additional defendants Toshiba and Ram Motors, stated in a sworn affidavit dated April 19, 1995: "(C)ounsel for the plaintiff was advised on numerous occasions that I would demand, on behalf of my clients, that the allegedly defective parts and others be preserved until the time of trial and be available for inspection."[2]

Plaintiff in this matter has from the beginning held complete control over the items at issue in this case. It was Mrs. Smith's duty and responsibility to preserve these items and avail them for inspection by each of the defendants. Plaintiff alleges in its concise statement that this court erred by failing to apply the rule of law as enunciated in *Schultz v. Barko Hydraulics Inc.,* 832 F. Supp. 142 (W.D. Pa. 1993). On the contrary,

---

1. Affidavit of John Gawrys, dated April 6, 1995 at paragraph 8. (emphasis added)

2. Affidavit of Steven B. Kantrowitz, dated April 19, 1995, at paragraph 16. *(Note—True and correct copies of counsel's letters to plaintiff's counsel dated June 5, 1992 and June 19, 1992 are attached to said affidavit).*

while the district court in the *Schultz* case chose not to grant summary judgment for the defendants in that matter, it did so based on distinguishable facts, not a different rule of law. "[T]he moving party must first show either that the party who lost the evidence did so fraudulently or intentionally, *or that the absence of the evidence unduly prejudices the moving party to such an extent that preparation of its case is rendered impossible.*" *Schultz, supra* at 146. (emphasis added) The *Schultz* court merely found that the facts in that case did not support undue prejudice for those specific defendants.[3] This is markedly different from the case at bar. The date that the specific items were discovered as missing was the day the defendants were scheduled to inspect these items. Defense counsel repeatedly emphasized the importance of said items to this case, even prior to their disappearance.

Plaintiff also alleged in its concise statement that it was error for this court to apply the rule of law found in *Roselli, supra,* which found that public policy required in a products liability action, a manufacturer should not be compelled to defend claims where it was precluded from examining the allegedly defective component due to plaintiff's inadvertent destruction of said item. This rule of law was extended by the Superior Court to include instances when a plaintiff never even

---

3. Plaintiff, in the *Schultz* case averred that "defendants have not been prejudiced by the loss of the head weldment, . . . defendants have had ample time to inspect the head weldment, and have in fact performed destructive testing upon the piece. Further, . . . enough information about the head weldment exists, including over 200 photographs, to enable the parties' experts to opine regarding the existence vel non of a defective condition in the head weldment." *Schultz, supra* at 144. As a result the court found, "In the case at bar, the existence of genuine issues of material fact regarding the effect of the head weldment's absence upon defendant's case preclude summary judgment." *Id.* at 146.

had control of the product, and the product was discarded by a third party. See *DeWeese v. Anchor Hocking Consumer and Industrial Products Group, supra*. Further, *Schwartz v. Subaru of America Inc.*, 851 F. Supp. 191 (E.D. Pa. 1994) pointed out that numerous courts, in applying Pennsylvania law, have found that the Pennsylvania Superior Court has held as a matter of policy that permitting claims for defective products where the product has been disposed of before defendant was given the opportunity to examine the product would encourage false claims and make the legitimate defense of valid claims more difficult. *Schwartz, supra* at 192. See also, *Sipe v. Ford Motor Company, supra; Lee v. Boyle-Midway Household Products Inc.*, 792 F. Supp. 1001 (W.D. Pa. 1992); and *Schmid v. Milwaukee Electric Tool Corporation*, 13 F.3d 76 (3d Cir. 1994). As such, Pennsylvania law dictated the decision of this court to grant summary judgment in the situation presented in the case at bar.

## CONCLUSION

For the foregoing reasons, the orders of this court dated September 5, 1995 should be affirmed.