## Oravic v. Sprigg

*Timothy Shollenberger,* for plaintiff.
*Michael D. Pipa,* for defendant.

HESS, *J.,* March 25, 1996—This case arises out of an automobile accident that occurred on January 26, 1992. The defendant, David S. Sprigg II, allegedly lost control of his vehicle while negotiating a curve on State Route 2012 in Silver Spring Township, Cumberland County. He struck a street sign on the right side of his southbound lane, then crossed the center line, into the northbound lane. The defendant's vehicle then struck a vehicle traveling northbound and eventually collided with the vehicle operated by the plaintiff.

As a result of the accident, the plaintiff's kneecap was fractured. In response to the complaint, the defendant raises as a bar to the plaintiff's action for non-economic damages the fact that the plaintiff elected a limited tort option on his automobile policy. Such an election is governed by 75 Pa.C.S. §1705. By order dated August 9, 1994, we denied the plaintiff's motion for summary judgment, leaving for a later day the question of whether his selection of a limited tort option was ineffective.

The defendant has now moved for partial summary judgment contending that the plaintiff's injury is not "serious" as a matter of law, thus barring his recovery of non-economic damages. The plaintiff has also moved for partial summary judgment, in effect asking the court to declare, as a matter of law, that his injury *is* serious.

In considering a motion for summary judgment, the court must examine the record in the light most favorable to the non-moving party and must resolve all doubt against the moving party. *Fletcher v. Raymond Corp.,* 424 Pa. Super. 605, 609, 623 A.2d 845, 847 (1993). Judgment may only be entered in this fashion if the moving party demonstrates that there exist no genuine issues of material fact and that they are entitled to judgment as a matter of law. *Grossman v. Rosen,* 424 Pa. Super. 463, 465, 623 A.2d 1, 2 (1993). Summary judgment should be granted only where the right is clear and free from doubt. *Johnson v. Harris,* 419 Pa. Super. 541, 549, 615 A.2d 771, 775 (1992). In a case where cross-motions for summary judgment are filed, these applicable standards, of course, will be applied to each party in their capacity as both a moving and non-moving party.

The above-mentioned provision of the Vehicle Code provides, very simply, that each person who is bound

by a limited tort election under their insurance is precluded from maintaining an action for any non-economic loss unless the injury sustained is a "serious injury." 75 Pa.C.S. §1705(d). Serious injury is, in turn, defined as a personal injury "resulting in death, serious impairment of body function or permanent serious disfigurement." 75 Pa.C.S. §1702. The Superior Court, in *Dodson v. Elvey,* 445 Pa. Super. 479, 665 A.2d 1223 (1995) grappled with the question of how the "serious injury" threshold is met and, specifically, whether the decision is for the court or for the jury. This case provides for three alternatives. First, where, upon review of the undisputed record, the court finds that the plaintiff has not met the serious impairment of body function threshold, the claim for non-economic loss will be dismissed and not heard by the jury. Second, again where there is an undisputed record, the court may find, as a matter of law, that the plaintiff has suffered a serious impairment of body function and, again, the question of whether the threshold has been met is not for the jury. Finally, if there is a substantial dispute of fact on the threshold issue, the question is one for the jury. In addition, the plaintiff "may not create a triable issue of fact with subjective evidence only." *Id.* at 497-98, 665 A.2d at 1232-33. On the other hand, once objectively manifested, subjective complaints of pain may be so severe as to result in a serious impairment of body function. *Id.*

To determine whether a plaintiff has suffered a serious impairment of body function, four factors must be considered. First, the extent of the impairment; second, the particular body function impaired; third, the length of time the impairment lasts; and, finally, the treatment required to correct the impairment. *Murray v. McCann,* 442 Pa. Super. 30, 36, 658 A.2d 404, 407 (1995). In

the instant case, Mr. Oravic presents, by objective medical evidence, a fractured kneecap and accompanying arthritis. The fractured kneecap is held together by an internal fixative device or surgical screw. His doctor, Ronald W. Lippe M.D., has opined that this injury is competent of producing progressive arthritis and causing the chronic knee pain associated with it, although this testimony was brought into question during cross-examination by the defendant. Lippe deposition, pp. 57-58.

According, to the plaintiff, this injury has worked a serious impact on, and constitutes a substantial interference with, his normal activities. Kneeling or squatting both cause pain as do taking off or putting on shoes, standing for longer than 30 minutes, walking for more than 15 minutes, climbing stairs or kneeling. The defendant, however, highlights the fact that the plaintiff continues to be involved in sports activities, albeit at a reduced level. The defendant also highlights the fact that the plaintiff does not take pain medication. In short, there is a dispute in the testimony as to the degree of the plaintiff's pain and the extent to which it is debilitating.

Given the factual record thus far adduced, we are satisfied that there is a substantial dispute with regard to whether or not the plaintiff has suffered a serious impairment of body function. Thus, in accordance with the guidance set forth in *Dodson, supra,* and being satisfied that the issue is one for the jury, we will deny the cross-motions for summary judgment.

## ORDER

And now, March 25, 1996, the cross-motions of the parties for partial summary judgment are denied.