611 A.2d 1328

David A. JORDON, a Minor, By His Parents and Natural Guardians, Ronald L. JORDON and Charmaine P. Jordon, and Ronald L. Jordon and Charmaine P. Jordon, Appellants,

v.

The K–MART CORP. and the John Doe Corp.

v.

Kenneth L. CRUSE, Jr. and Janice L. Cruse.

Superior Court of Pennsylvania.

Argued June 17, 1992.

Filed Aug. 26, 1992.

Thomas L. Walters, Easton, for appellants.

Robert C. Brown, Jr., Easton, for K–Mart and John Doe Corp., appellees.

Before ROWLEY, President Judge, and HUDOCK and BROSKY, JJ.

ROWLEY, President Judge:

This appeal is taken from an order granting appellee, K–Mart Corporation, summary judgment. Appellants raise the following issues: (1) Did the trial court err in granting summary judgment to appellee by finding that as a matter of law the product involved was not unreasonably dangerous? and (2) Did the trial court err in determining that the sled was not unreasonably dangerous due to lack of warnings or instructions because the dangers inherent in the use of the product were obvious to the ultimate user and the

plaintiff in this case? After a careful review of the record, we affirm the order granting summary judgment.

On February 16, 1986, appellant, David A. Jordon, a ten-year-old boy, was involved in a sledding accident when he lost control of his sled and hit a tree. The sled David was using was a plastic toboggan-like sled purchased from appellee, K–Mart, by Kenneth L. Cruse and Janice L. Cruse, appellees, aunt and uncle of David.

David and his parents sued appellee, as well as the unknown sled manufacturer, The John Doe Corporation, the landowners where the accident occurred, Cooper Industries, Inc., and Kenneth and Janice Cruse, who were caring for David when the accident occurred. Cooper Industries' motion for summary judgment was granted by the trial court on April 23, 1991, on the basis that it was immune from liability under the Pennsylvania Recreational Use of Land and Water Act, 68 Pa.S. §§ 477–1 to 477–8. Appellants sued appellee, K–Mart, under the theories of negligence, strict liability, and breach of implied warranties of merchantability and fitness for a particular purpose. K–Mart moved for summary judgment which the trial court granted by its order of November 18, 1991. This timely appeal follows.

In reviewing a motion for summary judgment, the Court's function is to determine whether issues of triable fact exist. Summary judgment is only proper in cases free and clear of doubt. When reviewing summary judgment cases, the Court accepts as true all well-pleaded facts, giving the plaintiff the benefit of all reasonable inferences from those facts. *Zackhery By and Through Young v. Crystal Cave Co., Inc.*, 391 Pa.Super. 471, 474, 571 A.2d 464, 465 (1990).

Appellants first argue that the trial court erred in granting summary judgment by finding that as a matter of law the product involved, the plastic sled, was not unreasonably dangerous. Appellants contend the sled was defective and unreasonably dangerous because it contained design

defects; (1) molded runners that rendered the sled unsteerable and (2) it lacked any independent steering or braking mechanisms. Specifically, appellants argue that the trial court should not have determined the threshold question of whether the product was unreasonably dangerous under *Azzarello* but should have allowed their cause of action for strict product liability for a design defect to be submitted to the finder of fact, allowing appellants to call expert witnesses to substantiate their claims.

The Pennsylvania Supreme Court in *Webb v. Zern*, 422 Pa. 424, 220 A.2d 853 (1966), adopted and made a part of the substantive law of Pennsylvania, Section 402A of the Restatement (Second) of Torts, which makes a seller of products strictly liable for the physical harm caused by a product sold in a defective condition unreasonably dangerous to the user. *Berkebile v. Brantly Helicopter Corp.*, 462 Pa. 83, 94, 337 A.2d 893, 899 (1975). A seller of a product, however, is not liable as an insurer to the user. Without a showing of a defect, the supplier of a product has no liability under Section 402A. *Berkebile*, 462 Pa. at 94, 337 A.2d at 898. The Pennsylvania Supreme Court in *Azzarello v. Black Bros.*, 480 Pa. 547, 556, 391 A.2d 1020, 1025 (1978), held that while the fact finder may be competent in resolving a dispute as to the condition of a product, it is an entirely different question as to whether that condition of the product justifies placing liability upon the supplier. The Court held in *Azzarello* that whether the risk of loss is to be placed on the supplier is a question of law for the Court. The Court stated: "Should an ill-conceived design which exposes the user to the risk of harm entitle one injured by the product to recover? Should adequate warnings of the dangerous propensities of an article insulate one who suffers injuries from those propensities? When does the utility of a product outweigh the unavoidable danger it may pose? These are questions of law and their resolution depends upon social policy. . . . It is a judicial function to decide whether, under plaintiff's averment of the facts, recovery would be justified; and only

after this judicial determination is made is the cause submitted to the jury to determine whether the facts of the case support the averment of the complaint. They do not fall within the orbit of a factual dispute which is properly assigned to the jury for resolution." 480 Pa. at 557–558, 391 A.2d at 1026.

In this instant case, the trial court, using the *Azzarello* threshold, held as a matter of law that the subject sled was not an unreasonably dangerous product as a result of a design defect. The trial court, citing social policy, meticulously weighed the relative risks and utility of the sled in question and the type of sled, a toboggan, to determine whether liability should be imposed. The Court found that like most recreational activities, sledding involves a degree of risk and even changing the design to require brakes or steering would not remove the inherent risk in the activity. We agree with the trial court's analysis of social policy and hold that the trial court correctly applied the *Azzarello* threshold in determining the strict liability claim based on product design.

Next appellants argue that the trial court erred in determining that the sled was not unreasonably dangerous due to lack of warnings because dangers inherent in the use of the sled were obvious to the ultimate user and specifically to the ten-year-old appellant in this case. Specifically, appellants contend that the sled was "unreasonably dangerous" because it was sold without specific instructions concerning its use and without warnings concerning the dangers of toboggan-type sleds. Under Pennsylvania law, it is well established that a dangerous product can be considered defective for strict liability purposes if it is distributed without sufficient warnings to notify the ultimate user of the dangers inherent in the product. *Mackowick v. Westinghouse Electric Corp.*, 525 Pa. 52, 55, 575 A.2d 100, 102 (1990). Comment j to § 402A of the Restatement (Second) of Torts, adopted by the Pennsylvania courts as noted above, states that the maker of an unreasonably dangerous product may be required to warn potential users of the

product's dangerous propensities. Comment i to § 402A states the following guideline to use in determining whether a product is "unreasonably dangerous" and thus requires warnings: "The article sold must be dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases it, with the ordinary knowledge common to the community as to its characteristics." *Ellis v. Chicago Bridge and Iron Co.*, 376 Pa.Super. 220, 229, 545 A.2d 906, 911 (1988), *appeal denied, Ellis v. Atlantis Contractors, Inc.*, 524 Pa. 620, 571 A.2d 383 (1989). Thus it follows that if the product is one customarily used by children, the danger must be one which children would be likely to recognize and appreciate. 376 Pa.Super. at 229, 545 A.2d at 911. The determinations of whether a product is 'defective' due to inadequate warnings or, in this case, no warnings are questions of law to be answered by the trial judge. *Azzarello,* 480 Pa. at 558, 391 A.2d at 1026.

Here in this instant case, it is undisputed by appellee that no instructions for use and no warnings were included with the sled. The trial court found as a matter of law that the danger is one that an ordinary ten-year-old child would recognize and appreciate as part of the risk of sledding. The court held that the danger was not latent; it was a well-known part of sledding, namely that sleds in general are hard to steer and hard to stop and should not be used in areas where many stationary obstacles, such as trees, are present.

Appellants argue that the defect is latent because a ten-year-old boy would not understand that the existence of underside molded runners on the sled in question would prevent it from being steered. However, we agree with the trial court. The sled did not have a latent defect making it unsteerable. The record shows that the ten-year-old appellant had used the sled or one of the same design the previous day, making seven sledding runs down the same hill in approximately the same location. (R. 148). He described how he steered the sled by using the handles and leaning to the left or right to steer it. (R. 198). He

admitted he had no problem steering the sled the day before while sledding. (R. 197). He also admitted having made six previous sledding runs the day of the accident in which he successfully steered the sled down the hill without hitting a tree. (R. 114). From the record, the ten-year-old appellant seems to be knowledgeable in the art of sledding and how to steer a toboggan-like sled and had previously used the sled successfully. We hold that the dangers inherent in sledding with a toboggan-like sled with limited steering capacity is one which an ordinary ten-year-old child would recognize and appreciate as part of the risk of sledding. Thus the absence of warning labels or instructions for use do not make the product unreasonably dangerous to hold the supplier strictly liable.

For the reasons stated above, we affirm the trial court's order granting summary judgment to appellee, K–Mart.

Summary judgment affirmed.