## Thomas v. Carter-Wallace Inc.

C.P. of Monroe County, no. 316 Civil 1994.

*James V. Fareri,* for plaintiff.
*Nicholas Noel III,* for defendant Tannersville Pharmacy.
*Timothy G. Lenahan,* for defendant Carter-Wallace Inc.

WALLACH MILLER, *J.,* September 1, 1994—This action was commenced on February 10, 1994, by a writ of summons filed by plaintiffs, David Thomas and Denise Thomas. On April 7, 1994, plaintiffs filed a complaint and on April 20, 1994 an amended complaint. Both defendants, Carter-Wallace Inc. and Tannersville Pharmacy Inc., filed preliminary objections to the amended complaint, motioning to strike for legal insufficiency pursuant to Pa.R.C.P. 1028(a)(4). All parties have filed briefs and the matter was argued before this court on June 6, 1994.

A reading of the complaint reveals the following facts. On February 25, 1992, plaintiff Denise DiPrimeo Thomas went to defendant Tannersville Pharmacy Inc., and purchased a large package of Trojan Brand Condoms. The condoms were manufactured by defendant Carter-Wallace Inc., Manufacturer. Between February 25, 1992 and March 2, 1992, plaintiffs used four of

the Trojan condoms during sexual intercourse. At the time, plaintiffs were not married. On March 2, 1992, plaintiffs noticed holes in the foil package which had contained the condom last utilized by plaintiffs. Upon that discovery, plaintiffs examined the remaining unopened condom packages and found two of the remaining packets contained holes. Plaintiffs then retrieved from the wastebasket the three packets of condoms previously used and also noticed holes in those packets.

On March 2, 1992, plaintiff Denise Thomas contacted Pharmacy, informing it of her discovery. Plaintiffs were advised by the Pharmacy to return the opened and unopened condom packets, and they did so on March 3, 1992. On April 1, 1992, Denise Thomas confirmed she was pregnant through the use of a home pregnancy test. The parties married on June 13, 1992 and on December 4, 1992, Denise Thomas gave birth to a child. The child is not alleged to be in other than good health.

In their amended complaint, plaintiffs seek damages for the pain and suffering of Denise Thomas, her lost wages from October 15, 1992 through January 17, 1993, medical expenses incurred for the birth of their child, and loss of consortium of David Thomas during the periods of Denise Thomas's pregnancy and convalescence.

The amended complaint alleges the following counts against Manufacturer: Count I, strict liability; Count II, breach of implied warranty of merchantability and warranty of fitness for a particular purpose; Count III, breach of express warranty; Count IV, negligence; and Count VIII, loss of consortium. Additionally, plaintiffs

allege the following counts against Pharmacy: Count V, strict liability; Count VI, breach of implied warranty; Count VII, negligence; and Count VIII, loss of consortium.

Manufacturer filed preliminary objections in the nature of a demurrer asserting that Counts I, II, III and IV of plaintiffs' amended complaint fail to allege facts that state a legally recognized cause of action. Additionally, Manufacturer argues that Count VIII of plaintiffs' amended complaint fails to state a recognized cause of action for loss of consortium since the plaintiffs were not married at the time the alleged injury occurred and thus they lack capacity to sue.

Pharmacy filed preliminary objections pursuant to Pa.R.C.P. 1028(4), alleging that Counts V, VI, and VII failed to state a legally recognized cause of action in that the facts pled did not meet the criteria required in order to establish a prima facie case for any of those counts. Pharmacy also filed objections pursuant to Pa.R.C.P. 1028(5), alleging that Count VIII of plaintiffs' amended complaint requesting damages for loss of consortium is not a legally recognized claim due to the non-marital status of plaintiffs.

In their brief filed June 2, 1994, plaintiffs concede that Counts VII (negligence v. Pharmacy) and VIII (loss of consortium v. both defendants) have no merit. We agree and therefore will discuss only the remaining objections.

Defendants' preliminary objections are in the nature of a demurrer. In ruling upon a demurrer, we must examine the complaint with an eye toward determining its legal sufficiency. *County of Allegheny v. Commonwealth,* 507 Pa. 360, 490 A.2d 402 (1985). The issue to be resolved is whether, upon the facts averred, the

complaint shows with certainty that plaintiffs are not entitled to the legal relief sought. *Kyle v. McNamara & Criste,* 506 Pa. 631, 487 A.2d 814 (1985); *National Building Leasing Inc. v. Byler,* 252 Pa. Super. 370, 381 A.2d 963 (1977). In examining the complaint, the court shall accept as true all well-pled, relevant and material facts set forth therein, as well as all inferences fairly deducible from those facts. *County of Allegheny v. Commonwealth, supra; Firing v. Kephart,* 466 Pa. 560, 353 A.2d 833 (1976). Furthermore, if there is any doubt as to whether or not plaintiffs have sufficiently pled a cause of action, this doubt must be resolved in plaintiffs' favor and the demurrer must be dismissed. *Woodward v. Dietrich,* 378 Pa. Super. 111, 548 A.2d 301 (1988).

It is well settled that a manufacturer or seller of a product does not insure a buyer against all harm its product may cause. See *Jordon by Jordon v. K-Mart Corp.,* 417 Pa. Super. 186, 611 A.2d 1328 (1992). Instead, the manufacturer and seller are guarantors of their product's safety and, as such, are only liable for harm caused by a defect in their product. *Dambacher by Dambacher v. Mallis,* 336 Pa. Super. 23, 485 A.2d 408 (1984), *appeal dismissed,* 508 Pa. 643 500 A.2d 428 (1985). It follows, therefore, that in any product liability case, whether the theory of recovery be negligence, strict liability or breach of warranty, plaintiff must allege and prove that her injury resulted from a defect in the defendant's product. See *Altronics of Bethlehem Inc. v. Repco Inc.,* 957 F.2d 1102 (3rd Cir. 1992); *Jordon by Jordon v. K-Mart Corp., supra; Dambacher by Dambacher v. Mallis, supra.*

Plaintiff here fails to allege that a defective condom caused her pregnancy. More specifically, she fails to allege that any of the condoms she used contained holes.

The complaint, consequently, does not state a valid cause of action under any theory of product liability. At oral argument, plaintiffs' attorney directed our attention to paragraph 19 of the complaint which avers that the condoms "were defective because of the presence of holes through the condoms, as described above." The phrase "as described above" directs the court's attention back to paragraphs seven through nine, which allege holes in the foil packets containing the condoms, but does not specifically allege holes in the condoms themselves.[1]

Plaintiffs' counts alleging breach of implied warranty of fitness for a particular purpose must be dismissed for an additional reason. A warranty of fitness for a particular purpose only arises when the seller at the time of contracting has reason to know (1) any particular purpose for which goods are required and (2) that the buyer is relying upon the judgment of the seller to select suitable goods. 13 Pa.C.S. §2315. Plaintiff, however, does not allege that the Manufacturer or Pharmacy had any knowledge that plaintiff would use the condoms for anything other than ordinary purposes. Consequently, plaintiffs' allegations do not support that a warranty of fitness for a particular purpose ever arose.

Defendants also ask us to dismiss the complaint for reasons with which we disagree. Specifically, defendants

---

1. Even if plaintiff had alleged that her pregnancy was caused by a defective condom, the allegations of her complaint would still be insufficient to state a cause of action against defendants. A defendant seller or manufacturer is only liable for harm caused by a defective product if the product's defect occurs before the product leaves the defendant's control. See *Toth v. Economy Farms Corp.,* 391 Pa. Super. 383, 571 A.2d 420 (1990). Without an allegation that the condoms she used were defective prior to her purchase, plaintiffs' allegations still would not state a cause of action against defendants.

argue that plaintiffs' causes of action for strict liability and breach of warranty are insufficient because pregnancy and the costs associated with childbirth do not constitute compensable injury. This argument disregards our Supreme Court's ruling in *Mason v. Western Pennsylvania Hospital,* 499 Pa. 484, 453 A.2d 974 (1981).

In *Mason,* the plaintiff underwent a sterilization operation. Two years after the operation she became pregnant and later gave birth to a healthy child. She then filed a complaint alleging negligence and breach of warranty against the doctor who performed the sterilization operation and the hospital where it was performed. Among other damages, she requested compensation for the cost associated with pregnancy and delivery. The trial court dismissed the complaint on a demurrer.

On appeal, however, the Supreme Court found that the plaintiffs' complaint alleged facts which, if proven, would entitle her to relief under basic principles of the law of contract and tort. *Id.* at 486, 453 A.2d at 975. In regards to damages, the court stated that "the costs associated with the pregnancy and delivery would be within both the contemplation of the parties to an express or implied warranty and the range of reasonably foreseeable consequences of the negligent performance of the surgical procedure." *Id.*

Plaintiff here is likewise entitled to *Mason*-type damages so long as she establishes liability and causation. This court perceives no reason why wrongful birth damages should constitute compensable injury in a malpractice action, but not in a product liability suit. In both cases, the harm to the plaintiff is factually the same. Defendants argue that application of the *Mason* rule to product liability suits involving contraceptives will spawn a plethora of frivolous lawsuits. However, it is clear under *Mason* that wrongful birth damages

are not thought frivolous by our Supreme Court and may be legitimately sought in a lawsuit. The cost of such suits to the sellers and manufacturers of contraceptives should be treated like any other cost of doing business.

Lastly, defendants argue that plaintiffs' complaint should be dismissed because she apparently cannot produce the condoms used during sexual intercourse. This argument, however, is not appropriate in a demurrer. A demurrer merely tests the legal sufficiency of a party's allegations. See *County of Allegheny v. Commonwealth, supra.* Whether plaintiffs can support their allegations with the evidence they have is a question appropriate to summary judgment, not a demurrer. Indeed, the case cited by defendants in support of their argument, *Roselli v. General Electric Co.,* 410 Pa. Super. 223, 599 A.2d 685 (1991), involved summary judgment and not a demurrer.

Accordingly, we enter the following order.

### ORDER

And now, September 1, 1994, it is ordered as follows:

(1) Defendants' motions in the nature of a demurrer to Counts VII and VIII of plaintiffs' complaint are sustained and these counts are dismissed.

(2) Defendant Carter-Wallace Inc.'s motions in the nature of demurrers to Counts I, II, III and IV of plaintiffs' complaint are sustained.

(3) Defendant Tannersville Pharmacy Inc.'s motions in the nature of demurrers to Counts V and VI of plaintiffs' complaint are sustained.

(4) Plaintiffs are given 20 days from the date of this order to file an amended complaint.