## Carbajal v. W.W. Babcock Co. Inc.

C.P. of Adams County, no. 92-S-876.

*Daniel Pell,* for plaintiff.
*Paul Grego,* for defendant.

KUHN, *J.,* September 12, 1996—Plaintiff, Ignacio Carbajal, filed an amended complaint sounding in negligence and strict liability. Plaintiff contends that on October 1, 1990, he sustained serious injury while working as a farm laborer. He claims that his left foot slipped off the rung of a ladder as he reached for an apple,

and the fruit harvesting bag he was using shifted causing him to lose his balance and fall off the orchard ladder manufactured by defendant, W.W. Babcock Company Inc. Babcock's liability under both counts is premised upon its failure to affix adequate English and Spanish warnings to the ladder which would alert the user that the ladder should only be used for ascending and descending, that it should not be used as a work platform to harvest fruit, and that quadriplegia or death could result from falls off the ladder.

After extensive discovery, Babcock filed a motion for summary judgment which is before the court for disposition. Babcock's position is that plaintiff has either assumed the risk or not identified a defect with the ladder which caused his fall.

It has often been stated that:

"Summary judgment may be granted if the pleadings, depositions, answers to interrogatories and admissions on file show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. . . . Summary judgment may be entered only in cases that are clear and free from doubt. . . . The moving party . . . has the burden of proving that no material issue of fact exists. . . ." *Allstate Insurance Co. v. McFadden,* 407 Pa. Super. 537, 540, 595 A.2d 1277, 1278 (1991), *alloc. denied,* 529 Pa. 644, 602 A.2d 855 (1992). (citations omitted)

In addition, "the record must be examined in the light most favorable to the non-moving party, accepting as true all well-pleaded facts in the pleadings and giving that party the benefit of all reasonable inferences drawn therefrom." *Godlewski v. Pars Manufacturing Company,* 408 Pa. Super. 425, 430, 597 A.2d 106, 109 (1991). Finally, pursuant to the Nanty-Glo rule, summary judgment is not available where the moving party relies

exclusively upon oral affidavits or depositions to establish the absence of a genuine issue of material fact, except where that oral testimony consists of admissions of the opposing party or his witnesses. *Johnson v. Johnson,* 410 Pa. Super. 631, 637, 600 A.2d 965, 968 (1991).

Evidence favorable to plaintiff suggests that at the time of the accident he was a 49-year-old Mexican laborer who had been a fruit picker for 17 years. He is unable to read English. On October 1, 1990, and for a period of at least three weeks plaintiff had been using a ladder designed and manufactured by Babcock. The ladder is known as a 20-foot long "spread bottom fruit single" and according to Babcock's catalog: "It is designed for the orchard where maximum stability and safety are required." The ladder was constructed of wood with wooden rungs having a 1-5/32" diameter. Certain warning labels may have been placed on the ladder by the manufacturer but none were present at the time of the accident.

Late in the afternoon of the day in question, plaintiff ascended the ladder to a point where his feet were on the fourth rung from the top of the ladder and his left hand was holding on to the top rung. As plaintiff reached for an apple with his right hand, his left foot slipped off the rung, and a picking bag containing approximately 40 pounds of apples swung away from the left side of his body causing plaintiff to fall to his left and off the ladder. The ladder stayed in the tree.

Plaintiff testified in his deposition that he had only seen one other person fall off an orchard ladder before and that he had never experienced a fall before this

incident. He further stated that if the ladder displayed a warning that it was unsafe as a workstation for picking apples he would not have used it.

Two issues are presented in this motion for summary judgment. The first is whether, as a matter of law, the subject ladder was defective and unreasonably dangerous because it lacked the warnings suggested. The second issue is whether plaintiff assumed the risk.

Strict liability based upon section 402 of Restatement (Second) of Torts has been part of Pennsylvania law since *Webb v. Zern,* 422 Pa. 424, 220 A.2d 853 (1966). That section provides,

"Section 402A. Special liability of seller of product for physical harm to user or consumer.

"(1) One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property, if

"(a) the seller is engaged in the business of selling such a product, and

"(b) it is expected to and does reach the user or consumer without substantial change in the condition in which it was sold."

A manufacturer is a guarantor of its product, not an insurer, and it is not the purpose of section 402A to impose absolute liability. *Davis v. Berwind Corp.,* 433 Pa. Super. 342, 353, 640 A.2d 1289, 1295 (1994), *alloc. granted,* 540 Pa. 582, 655 A.2d 514 (1995). Thus, the plaintiff in a section 402A case has the burden of showing that "(1) the product was defective; (2) the defect caused the injury; and (3) the defect existed at the time the product left the manufacturer." *Demmler*

*v. SmithKline Beecham Corp.,* 448 Pa. Super. 425, 430, 671 A.2d 1151, 1153 (1996).

The focus of this discussion will be upon whether the ladder in question was "defective." A product may be defective because of design or, as argued by plaintiff, because of inadequate warnings. A product is defective due to inadequate warnings when it is "distributed without sufficient warnings to notify the ultimate user of the dangers inherent in the product." *Phillips v. A-Best Products Co.,* 542 Pa. 124, 131, 665 A.2d 1167, 1171 (1995). The danger for which warnings are required refers to "nonobvious dangers inherent in the use of the product." *Davis v. Berwind Corp., supra* at 354, 640 A.2d at 1296. Whether, in a particular case, a product is deemed to be defective because of an inadequate warning is a "question of law to be decided by the trial court," *Fletcher v. Raymond Corp.,* 424 Pa. Super. 605, 611, 623 A.2d 845, 848 (1993), and resolution of that question generally depends upon considerations of social policy. *Jordon by Jordon v. K-Mart Corp.,* 417 Pa. Super. 186, 189, 611 A.2d 1328, 1330 (1992). Only after this judicial determination is made will the case be submitted to the jury to determine whether the facts support the claim. *Id.* at 190, 611 A.2d at 1330.

In deciding whether the product is defective as a matter of law the court is guided by language set out in comment (i) of section 402A stating "The article sold must be dangerous to an extent beyond which would be contemplated by the *ordinary consumer* who purchases it, with the *ordinary knowledge common to the community as to the characteristics."* (emphasis added) This language suggests an objective (*i.e.* community) evaluation rather than a subjective (*i.e.* the injured party) consideration. *Ellis v. Chicago Bridge*

*& Iron Co.,* 376 Pa. Super. 220, 545 A.2d 906 (1988). If the dangers are known, then the product is not defective and the manufacturer is under no duty to warn. *Dauphin Deposit Bank and Trust Co. v. Toyota Motor Corp.,* 408 Pa. Super. 256, 262, 596 A.2d 845, 848 (1991). The community being referenced is the overall group of consumers who ordinarily use the product. Thus, if a product is customarily used by children the danger must be one which would be likely to be recognized and appreciated by children otherwise warnings are required. *Jordon by Jordon v. K-Mart Corp., supra* at 191, 611 A.2d at 1331. Likewise, if the product is one customarily used by orchard workers the danger must be one which would be likely to be recognized and appreciated by orchard workers. Furthermore, as stated in *Mackowick v. Westinghouse Electric Corp.,* 525 Pa. 52, 575 A.2d 100 (1990), "warnings must be directed to the understanding of the intended user . . . The duty to adequately warn does not require the manufacturer to educate a neophyte in the principles of the product." *Id.* at 56, 575 A.2d at 102. A trial judge is not isolated from the world outside the courtroom and can therefore call upon knowledge and experience in making this evaluation.[1]

In the instant case the "danger" which needs to be recognized and appreciated is that a worker may fall off a ladder and be seriously injured if his foot slips off a rung and he loses his balance. Ladders have been in existence for thousands of years. Ladders are used for numerous purposes which are so well-known they need not be repeated. Generally, when climbing or standing on a ladder people hold on out of fear and recognition

---

1. The undersigned spent most of his formative years working on a fruit farm and is quite familiar with the characteristics of orchard ladders when used for picking fruit.

that a loss of balance could result in a fall and injury. The undersigned feels quite comfortable in characterizing that danger as obvious. The community of orchard workers is as cognizant of that risk as children are cognizant of the risk that a sled may hit a tree, *Jordon by Jordon, supra,* or that the sharp edge of a knife can cause a cut, *Miron v. Fisher,* 37 Adams Co. L.J. 211 (1995). It should be noted that the ladder did not cause the fall. In fact, the ladder remained in the tree.

We assume for the instant purposes that Babcock's ladder contained no warnings although Babcock claims that its spread bottom ladders contained certain warnings when distributed. However, finding that the danger was obvious we need not consider what warnings should have been in place. Nevertheless, we note in passing that even if warnings were required this court would reject as inappropriate the warnings suggested by plaintiff. For example, to suggest that a ladder should not be used as a work platform fails to recognize the realities of life for house painters, firefighters, orchard workers and other similar occupations not to mention the do-it-yourself homeowner.

An issue not specifically discussed by the parties but akin to the above discussion is plaintiff's claim that Babcock was negligent in providing inadequate warnings. As stated in *Dauphin Deposit Bank & Trust v. Toyota Motor Corp., supra,*

"We note that in a products liability suit based on negligence, appellant must prove that the manufacturer owed a duty to appellant; the manufacturer breached that duty; and such breach was the proximate cause of appellant's injuries. . . . We also note that Pennsylvania has adopted the Restatement (Second) of Torts §388

in cases involving a claim of negligent failure to warn. . . . Section 388 provides that:

"one who supplies . . . a chattel for another to use is subject to liability . . . for physical harm caused by the use of the chattel in the manner for which and by a person for whose use it is supplied, if the supplier:

"(a) knows or has reason to know that the chattel is or is likely to be dangerous for the use for which it is supplied; and

"(b) *has no reason to believe that those for whose use the chattel is supplied will realize its dangerous condition,* and

"(c) fails to exercise reasonable care to inform them of its dangerous condition or of the facts which make it likely to be dangerous." Restatement (Second) of Torts §388 (1965). (emphasis added)

Comment k to section 388 interprets the requirement of subsection (b) as follows:

"One who supplies a chattel to others to use for any purpose is under a duty to exercise reasonable care to inform them of its dangerous character insofar as it is known to him, or of facts which to his knowledge make it likely to be dangerous, if, but only if, he has no reason to expect that those for whose use the chattel is supplied will discover its condition and realize the danger involved." *Id.* at 266-67, 596 A.2d at 849-50.

The Superior Court adopted the same approach used in section 402A cases in ruling that a manufacturer was under no duty to warn consumers of obvious risks[2] and cited with approval language in *Morris v. Adolp Coors Company,* 735 S.W.2d 578 (Tex. App. 1987), which held that in negligence cases, as in strict liability

---

2. In that case the obvious risk is inherent in drinking alcohol and driving a vehicle.

cases, "whether a duty to warn exists must be evaluated in light of the knowledge of ordinary consumers of the risks inherent . . . The dangers inherent . . . are common knowledge to the ordinary consumer. As such, there is no duty . . . imposed . . . to warn or inform consumers of such obvious dangers." *Dauphin Deposit Bank, supra* at 268, 596 A.2d at 850.

Therefore, having concluded that the risk involved in this case was obvious to the ordinary consumer both the strict liability and negligence claims must be dismissed.

We reject Babcock's contention that plaintiff's action should be dismissed because the record establishes that plaintiff assumed the risk. It is well-known that if a person assumes the risk of his injuries, the defendant is relieved of responsibility. The question of whether a plaintiff has assumed the risk of his injuries should not be decided as a matter of law. The only exception to this rule is where it is beyond question "that the plaintiff voluntarily and knowingly proceeded in the face of an obvious and dangerous condition." *Long v. Norriton Hydraulics Inc.,* 443 Pa. Super. 532, 536, 662 A.2d 1089, 1091 (1995), *alloc. denied,* 544 Pa. 611, 674 A.2d 1074 (1996). The defense is only available where the defendant shows that the plaintiff had subjective knowledge of the defect which caused his injury and appreciated the danger before using the product. *Kupetz v. Deere & Company Inc.,* 435 Pa. Super. 16, 31-32, 644 A.2d 1213, 1220 (1994), *alloc. denied,* 539 Pa. 693, 653 A.2d 1232 (1994). "A plaintiff's knowledge and understanding of the risk . . . may be shown by circumstantial evidence." *Mucowski v. Clark,* 404 Pa. Super. 197, 201-202, 590 A.2d 348, 350 (1991).

In this case a jury could find that because of plaintiff's background and experience, he was cognizant of the

danger involved with picking apples from a ladder and voluntarily chose to encounter it. However, he denied an understanding of that risk. A jury may well find his testimony incredible but that denial alone is sufficient to prevent a finding, as a matter of law, that he assumed the risk. *Id.* In *Mucowski* the plaintiff's denial of knowledge of the risk was enough to prevent the granting of defendant's motion for summary judgment.

Accordingly, the attached order is entered.

## ORDER

And now, September 12, 1996, the motion for summary judgment filed by defendant, W.W. Babcock Company Inc., is granted for the reasons set forth in the attached opinion.