NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1320
_____

RYAN SCOTT KURZINSKY,
                                        Appellant

v.

PETZL AMERICA, INC.


_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-17-cv-01234)
Magistrate Judge: Timothy R. Rice
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on November 13, 2019

Before: JORDAN, SCIRICA, and RENDELL, *Circuit Judges*

(Filed: December 24, 2019)


_____

OPINION[*]
_____


SCIRICA, *Circuit Judge*

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Plaintiff Ryan Kurzinsky built a home-made zip line using a Tandem Speed Pulley manufactured by Defendant Petzl America, Inc. Kurzinsky was injured when using the zip line and brought product liability, negligence, and breach of the implied warranty of merchantability claims against Petzl under Pennsylvania law. The trial court granted summary judgment on all counts, and Kurzinsky appeals—contending that Petzl failed to warn of the "dangerous speed" the pulley could travel on a zip line. Because the danger of speed was obvious and the pulley was a component in a system of Kurzinsky's own design, Petzl had no duty to warn. We will affirm.

## I.

In the summer of 2016, Kurzinsky decided to build a zip line in his backyard. He had been informed by third-party internet sources, such as videos on YouTube, that the Petzl Tandem Speed Pulley would be appropriate for a zip line. The Tandem Speed Pulley uses ball bearings, which allow it to spin freely—and presumably move smoothly along a zip line. Kurzinsky purchased a used Petzl Tandem Speed Pulley from an anonymous seller on eBay and without the original packaging. Though Kurzinsky could not remember exactly what packaging came with the pulley, he contends he saw "some" of the warnings on Petzl's website. App. 192. The warnings include an illustrated image of a person riding a zip line using the Tandem Speed Pulley and crashing into a cliff above an exclamation point inside a triangle. Attached to the pulley itself was a sticker that portrayed another illustrated image of a person on a zip line crashing into a cliff next

2

to a skull-and-crossbones. In each image, the zip liner is attached to the pulley using a harness.

On July 9, 2016, Kurzinsky constructed a zip line in his backyard using the Petzl Tandem Speed Pulley. He relied solely on information he gathered from an internet search and did not consult any instructions from Petzl concerning the construction of the zip line. He ran a wire cable between two trees in his backyard about 80 feet apart with the wire about ten feet off the ground. Then, he tested the zip line using a wooden seat that hung from the pulley. According to Kurzinsky, the rides taken with the wooden seat were "slow," so the following day he removed the seat and attached a straight bar to the pulley in its place. App. 132. The bar required Kurzinsky to hang from the zip line using only his grip to support his entire weight. He climbed a ladder to reach the bar and began his descent. This time, however, Kurzinsky described his speed as "astronomical." *Id*. Towards the end of the descent, Kurzinsky either let go to avoid hitting the tree or lost his grip, falling to the ground below. He suffered "severe injuries." Appellant's Br. 8.

Kurzinsky sued Petzl based on claims—under Pennsylvania law—of product liability, negligence, and breach of the implied warranty of merchantability. The parties agreed to refer the case to the Magistrate Judge for trial and all dispositive motions. On January 16, 2019, the trial court granted Petzl's motion for summary judgment and dismissed all claims.

**II.**[1]

Kurzinsky contends that summary judgment was inappropriate for his product liability, negligence, and breach of warranty claims because Petzl failed to warn that the Tandem Speed Pulley could travel on a zip line at a "dangerous speed." Appellant's Br. 2–3.[2] He argues that a genuine dispute of fact exists as to whether Petzl's warnings were adequate and states that Petzl should have included a warning "regarding the dangerous speed at which the pulley could travel." *Id.* at 12. Kurzinsky's contentions fail. Petzl had no duty to warn of "dangerous speed" because the risk of speed while going downhill on a zip line was obvious and because Kurzinsky designed the zip line while using Petzl's pulley as a mere component in his system.[3]

We first address the product liability claim. This claim was brought under Pennsylvania law for failure to warn and is informed by the Restatement (Second) of Torts § 402A. *See Tincher v. Omega Flex, Inc.*, 104 A.3d 328, 334, 415 (Pa. 2014). A manufacturer can be liable if its product is "unreasonably dangerous" absent adequate

---

[1] The trial court had jurisdiction under 28 U.S.C. § 1332, and we have jurisdiction under 28 U.S.C. § 1291.

[2] Below, Kurzinsky extensively argued that the Tandem Speed Pulley had a design defect because it was not sold with a braking system. Kurzinsky has abandoned that issue on appeal.

[3] We exercise plenary review of a district court's grant of summary judgment. *Goldenstein v. Repossessors Inc.*, 815 F.3d 142, 146 (3d Cir. 2016). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When deciding a motion for summary judgment, "[a]ll reasonable inferences from the record must be drawn in favor of the nonmoving party." *Goldenstein*, 815 F.3d at 146 (citations omitted).

4

warnings. *See* Restatement (Second) of Torts § 402A cmt. j. Under Pennsylvania law, however, manufacturers have no duty to warn for obvious dangers and are not required to "educate a neophyte in the principles of the product." *Mackowick v. Westinghouse Elec. Corp.*, 575 A.2d 100, 102 (Pa. 1990). Whether a manufacturer has a duty to warn is a question of law. *See Fleck v. KDI Sylvan Pools, Inc.*, 981 F.2d 107, 119–20 (3d Cir. 1992) (applying Pennsylvania law).

To determine if a danger is obvious, we ask whether knowledge of the danger would be possessed by an objective "ordinary consumer" who buys the product. *Id.* at 119 (citation omitted). Dangers that an "ordinary consumer" would find obvious include sledding on a toboggan, *Jordon by Jordon v. K-Mart Corp.*, 611 A.2d 1328, 1331 (Pa. Super. Ct. 1992), riding on the fork of a forklift, *Fletcher v. Raymond Corp.*, 623 A.2d 845, 848 (Pa. Super. Ct. 1993), and drinking and driving, *Dauphin Deposit Bank & Tr. Co. v. Toyota Motor Corp.*, 596 A.2d 845, 851 (Pa. Super Ct. 1991).

Here, the risk of traveling at a "dangerous speed" when using the Tandem Speed Pulley on a zip line is obvious. The Tandem Speed Pulley utilizes ball bearings, which spin freely like wheels on a bicycle. Therefore, the pulley's speed when used on a zip line is a function of the angle and length of the descent. Like the obvious risk of riding a bicycle downhill, any "dangerous speed" from using a pulley for a zip line would be obvious. *See Jordon*, 611 A.2d at 1331 (holding that an ordinary consumer of a toboggan—i.e., a ten-year-old—would recognize the danger of sledding downhill). Kurzinsky added to the obvious dangers of his zip line by using a straight bar, which required him to bear his full weight solely with his grip. Because grasping a bar and

5

accelerating down a pulley system suspended ten feet above the ground presents clear and manifest risks, we agree with the trial court that the "ordinary consumer" would appreciate the obvious, "basic dangers" of a zip line and the "increased risk of using a bar over a seat." *Kurzinsky v. Petzl Am., Inc.*, Civ. No. 17-1234, 2019 WL 220201, at *6 (E.D. Pa. Jan. 16, 2019). Petzl had no duty to warn of "dangerous speed."

The lack of a duty to warn of "dangerous speed" is further reinforced by the fact that Kurzinsky, not Petzl, designed and built the zip line system of which the pulley was only a component. "[A] manufacturer's duty to warn is limited when it supplies a component of a product that is assembled by another party and the dangers are associated with the use of the finished product." *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1309 (3d Cir. 1995) (citing *Jacobini v. V. & O. Press Co.*, 588 A.2d 476, 478 (Pa. 1991)). In *Wenrick v. Schloemann-Siemag Aktiengesellschaft*, the plaintiff was killed when using an "extrusion press" because a switch was inadvertently bumped by a co-worker while walking past—causing a large brass billet to fall on the plaintiff. 564 A.2d 1244, 1245–46 (Pa. 1989). The plaintiff sued the switch manufacturer for failing to warn about the danger of placing the switch in a trafficked area. *Id*. at 1246. The court, however, determined that the switch was a component of the press and that the location of the switch was controlled by the plaintiff's company, and not the defendant. *Id*. at 1246–47. Thus, the switch manufacturer had no duty to warn. *See id*. at 1247.

Here, Kurzinsky controlled how Petzl's pulley was used as a component in his zip line system. Kurzinsky consulted videos from the internet that were not created by Petzl; he chose the height and incline of his zip line system; and he decided to use a straight bar

without a harness. The impact of Kurzinsky's own design is demonstrated by the change in speed and danger when he switched from using a wooden seat to using the straight bar. According to Kurzsinky, his speed on the zip line only became "astronomical" after he used the bar. Like the defendant in *Wenrick* that did not control the placement of its product and thus had no duty to warn of dangers caused by that placement, Petzl had no duty to warn that its Tandem Speed Pulley could travel at "dangerous speed" when used as a component of a zip line system like the one created by Kurzinsky. *See Wenrick*, 564 A.2d at 1247–48; *accord Petrucelli*, 46 F.3d 1298, at 1309 (3d Cir. 1995) (finding no duty to warn by a manufacturer of a component part).

Kurzinsky's remaining claims for negligence and breach of the implied warranty of merchantability are both based on Petzl's alleged failure to warn of the pulley's "dangerous speed." Appellant's Br. 3. Because Petzl had no duty to warn of "dangerous speed," those claims fail for the same reasons stated above. *See Altronics of Bethlehem, Inc. v. Repco, Inc.*, 957 F.2d 1102, 1105 (3d Cir. 1992) (requiring plaintiff to first show that a product was defective for a breach of the implied warranty of merchantability claim); *Phillips v. Cricket Lighters*, 841 A.2d 1000, 1008 (Pa. 2003) (requiring a duty of care for any negligence action related to defective products).

**III.**

For the foregoing reasons, we will affirm the trial court's grant of summary judgment on all claims.