Orders reversed, without costs, and the complaint dismissed in a memorandum: Although manufacturers of dangerous devices are required to make them free from concealed hazards and latent defects (Campo v. Scofield, 301 N. Y. 468, 471; cf. Inman v. Binghamton Housing Auth., 3 N Y 2d 137; Sarnoff v. Charles Schad, Inc., 22 N Y 2d 180), there has been no showing that there was anything defective or inherently dangerous about the swimming pool which was the scene of the accident. The record is absolutely barren of any evidence of negligence on the part of the manufacturer (see Telek v. Maszcaenski, 248 Md. 476). Its instructions entitled “ Choosing The Proper Size Swimming Pool” sufficiently advised all prospective consumers of reasonable intelligence that a square hopper pool would not be suitable for a diving board and under these circumstances it was not foreseeable that the purchaser would fail to heed the limitations of such a pool (see McLaughlin v. Mine Safety Appliances Co., 11 N Y 2d 62, 71-72) and subject plaintiff to possible injury.