HENSLEY v THE MUSKIN CORPORATION

Products Liability—Swimming Pools—Warnings—Obvious Dangers—Nondangerous Products—Summary Judgment.
   A trial judge correctly granted summary judgment for defendants where a plaintiff who dove from a 7-foot high garage into a 4-foot deep swimming pool was injured and brought an action against the pool manufacturer, the retail seller, and the pool owner alleging breach of warranties and negligence, and where the plaintiff was a 28-year-old person with some swimming experience who knew the depth of the pool; none of the defendants were under any duty to warn him of an obviously dangerous use of an otherwise nondangerous product.

Appeal from Genesee, John W. Baker, J. Submitted June 6, 1975, at Lansing. (Docket No. 22899.) Decided August 18, 1975. Leave to appeal denied, 395 Mich 776.

Complaint by George L. and Norma L. Hensley against The Muskin Corporation, Federal's, Inc., and Glenn Smith, for damages suffered when plaintiff George L. Hensley dove into a shallow swimming pool. Summary judgment for defendants. Plaintiffs appeal. Affirmed.

*Benton, Hicks, Beltz, Behm & Nickola,* for plaintiffs.

*Plunkett, Cooney, Rutt, Watters, Stanczyk &*

REFERENCES FOR POINTS IN HEADNOTE
63 Am Jur 2d, Products Liability § 42 *et seq.*
Manufacturer's or seller's duty to give warning regarding product as affecting his liability for product-caused injury. 76 ALR2d 9.

*Pedersen* (by *John A. DeMoss* and *Charles A. Huckabay),* for defendant The Muskin Corporation.

*Robert P. Keil,* for defendant Federal's, Inc.

*Milliken & Magee,* for defendant Smith.

Before: BASHARA, P. J., and J. H. GILLIS and M. F. CAVANAGH, JJ.

PER CURIAM. Plaintiff, George Hensley, was permanently injured in a tragic accident. On June 20, 1971, he dove off a 7-foot high garage into a 4-foot deep swimming pool. The pool was owned by plaintiff's brother-in-law, Glenn Smith, and was located in Smith's backyard. Hensley sued the pool manufacturer, The Muskin Corporation, the retail seller, Federal's, Inc., and his brother-in-law, alleging breach of various warranties and negligence, as well as a theory of strict liability.

In essence, plaintiff alleges that defendants were under a duty to warn him that he should not dive into the pool. The record reveals that plaintiff was a 28-year-old person with some swimming experience and that he helped assemble the pool and knew full well that it was only 4 feet deep. Under these circumstances we feel that the trial judge correctly granted summary judgment for all defendants. Neither the manufacturer, the seller, nor the brother-in-law were under any duty to warn this plaintiff of an obviously dangerous use of an otherwise nondangerous product. *Fisher v Johnson Milk Co,* 383 Mich 158; 174 NW2d 752 (1970), *Colosimo v May Department Co,* 466 F2d 1234 (CA 3, 1972).

Affirmed. Costs to defendants.