590 A.2d 348

**Steven MUCOWSKI, Appellant,**

**v.**

**Robert CLARK and Joan Clark and Hub Manufacturing Company and Lionel Leisure, Inc., t/a Kiddie City, Appellees.**

Superior Court of Pennsylvania.

Argued Nov. 9, 1990.

Filed May 2, 1991.

198

Paul N. Sandler, Philadelphia, for appellant.

Eileen M. Johnson, Philadelphia, for appellees.

Before WIEAND, KELLY and CERCONE, JJ.

WIEAND, Judge:

In this action to recover damages for injuries sustained by Steven Mucowski when he dived into an above ground swimming pool which had been sold by Lionel Leisure, Inc., t/a Kiddie City (Kiddie City), the trial court entered summary judgment in favor of the seller because Mucowski had assumed the risk of diving into a shallow pool. Mucowski appealed.

It was undisputed that the pool had been purchased by Robert and Joan Clark from Kiddie City and had been installed in 1981. It was fifteen (15) feet in diameter and four (4) feet deep. Around the rim of the pool, the owner had constructed a four (4) feet wide platform so that children could sit on the platform and put their feet in the

water. Along the outer edge of the platform, the property owner had also constructed a railing which was intended to prevent persons on the platform from falling from it. This railing extended three and one-half (3½) feet above the platform, which was even with the top of the pool. The platform and railing were not a part of the pool which had been purchased from Kiddie City. They had been constructed by the property owner without any consultation with the seller.

On July 3, 1983, Mucowski was a guest at the home of Robert and Joan Clark and was using the pool. Mucowski was twenty-one (21) years of age, was five feet, ten inches (5′ 10″) in height, and was a senior engineering student at Drexel University. He was familiar with the pool, for he had used it on prior occasions. He had dived or jumped into the pool from the platform on the day of the accident and knew, from standing in the pool, that the water reached a point between his navel and his chest. After he had been in the pool awhile, Mucowski climbed onto the three and one-half (3½) feet high railing which surrounded the pool, intending to dive into the pool. He said that he had experienced difficulty keeping his balance on the railing, and when he dived head first into the pool he struck his head on the bottom of the pool, sustaining serious injury. He denied, in depositions, that he was aware of the danger of diving into shallow water.

Mucowski commenced an action to recover damages against the Clarks, Hub Manufacturing Company, the manufacturer of the swimming pool, and Kiddie City, the vendor. The claim against the manufacturer was settled, and the claim against the property owners was dismissed summarily on grounds that Mucowski had voluntarily assumed the risk. This summary judgment was affirmed on appeal. See: *Mucowski v. Clark*, 394 Pa.Super. 638, 569 A.2d 1389 (1989).

In his complaint against Kiddie City, the retail vendor, Mucowski alleged negligence and strict liability based on an alleged design defect and a failure to warn against the

dangers of diving into shallow water. The trial court entered summary judgment in favor of Kiddie City, and Mucowski appealed.

A motion for summary judgment is properly granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Pa.R.C.P. 1035(b). See also: *Craddock v. Gross*, 350 Pa.Super. 575, 577–578, 504 A.2d 1300, 1301 (1986); *Berardi v. Johns–Manville Corp.*, 334 Pa.Super. 36, 38, 482 A.2d 1067, 1068–1069 (1984); *Thorsen v. Iron and Glass Bank*, 328 Pa.Super. 135, 140, 476 A.2d 928, 930 (1984). In reviewing an order granting summary judgment, we examine the record in the light most favorable to the non-moving party. *French v. United Parcel Service*, 377 Pa.Super. 366, 371, 547 A.2d 411, 414 (1988); *Thorsen v. Iron and Glass Bank, supra*, 328 Pa.Super. at 140–141, 476 A.2d at 930; *Chorba v. Davlisa Enterprises, Inc.*, 303 Pa.Super. 497, 500, 450 A.2d 36, 38 (1982). Summary judgment serves to eliminate the waste of time and resources of both litigants and the courts in cases where a trial would be a useless formality.

Voluntary assumption of the risk involves a subjective awareness of the risk inherent in an activity and a willingness to accept it. *Berman v. Radnor Rolls, Inc.*, 374 Pa.Super. 118, 136, 542 A.2d 525, 533 (1988). A plaintiff has voluntarily assumed the risk where he fully understands it and voluntarily chooses to encounter it. *Fish v. Gosnell*, 316 Pa.Super. 565, 576–579, 463 A.2d 1042, 1048–1049 (1983). See also: *Ott v. Unclaimed Freight Co.*, 395 Pa.Super. 483, 493, 577 A.2d 894, 899 (1990); *Handschuh v. Albert Development*, 393 Pa.Super. 444, 448, 574 A.2d 693, 695 (1990). For a danger to be known it must not only be known to exist, but it must also be recognized as being dangerous. *Carrender v. Fitterer*, 503 Pa. 178, 185, 469 A.2d 120, 124 (1983). A plaintiff's knowledge and understanding of the risk, of course, may be shown by circum-

stantial evidence. *Weaver v. Clabaugh,* 255 Pa.Super. 532, 536, 388 A.2d 1094, 1096 (1978). However, "[w]hether the plaintiff knows of the existence of the risk, or whether he understands and appreciates its magnitude ... is a question of fact, usually to be determined by the jury under proper instructions from the court. The court may itself determine the issue only where reasonable men could not differ as to the conclusion." *Staymates v. ITT Holub Industries,* 364 Pa.Super. 37, 49, 527 A.2d 140, 146 (1987), Restatement (Second) of Torts § 496D, Comment e.

■ In the instant case, there is an issue of fact concerning the plaintiff-appellant's knowledge and understanding of the risk of diving into four (4) feet of water from the railing around the pool. The evidence is clearly adequate to permit a finding that appellant, a senior engineering student who was familiar with the pool and the depth of the water therein, was cognizant of the risk and voluntarily chose to encounter it. On the other hand, appellant has himself denied an understanding of the risk which he encountered by diving head first into the pool's shallow water. A jury, to be sure, may find his testimony incredible, but it is nevertheless sufficient to prevent the court from finding as a matter of law that he subjectively understood the risk and voluntarily chose to encounter it. We conclude, therefore, that a summary judgment could not be entered summarily for appellee-vendor on grounds that the plaintiff-appellant had voluntarily assumed the risk of striking his head on the bottom when he dived into the pool.

We may affirm the summary judgment, however, if it was proper for any reason. See: *Kline v. Blue Shield of Pennsylvania,* 383 Pa.Super. 347, 351–352, 556 A.2d 1365, 1368 (1989); *Jones v. P.M.A. Ins. Co.,* 343 Pa.Super. 411, 413 n. 1, 495 A.2d 203, 204 n. 1 (1985) (appellate court may affirm action of trial court for reasons other than those given by trial court in support of order).

A review of the decided cases discloses that most courts have refused to allow recovery under similar circumstances. Thus, in *Hensley v. Muskin Corp.,* 65 Mich.App. 662, 238

N.W.2d 362 (1975), the Court held that the manufacturer, seller and owner of a four (4) feet deep backyard swimming pool had no duty to warn of the obvious danger of diving into the pool from a seven (7) feet high garage roof. The Court observed that the injured party had been a 28 year old man, with some swimming experience, who had helped assemble the pool and knew it was only four (4) feet deep. Therefore, a summary judgment in favor of the defendants was affirmed.

In *Dailey v. Major Pool Equipment Corp.*, 30 N.Y.2d 846, 335 N.Y.S.2d 89, 286 N.E.2d 471 (1972), the Court held that the manufacturer of a swimming pool was not liable for injuries sustained by a 15 year old guest of the purchaser of the pool, where the guest had struck his head while diving from a diving board installed by the purchaser. See also: *Telak v. Maszczenski*, 248 Md. 476, 237 A.2d 434 (1968); *Andrews v. Taylor*, 34 N.C.App. 706, 239 S.E.2d 630 (1977). And in *Belling v. Haugh's Pools, Ltd.*, 126 App. Div.2d 958, 511 N.Y.S.2d 732 (1987), *appeal denied*, 70 N.Y.2d 602, 518 N.Y.S.2d 1024, 512 N.E.2d 550 (1987), *reconsideration dismissed*, 70 N.Y.2d 748, 519 N.Y.S.2d 1035, 514 N.E.2d 393 (1987), a summary judgment in favor of a swimming pool manufacturer was upheld where the injured plaintiff had dived through an innertube floating in a four (4) feet, above ground pool after having been swimming for several hours on the day of the accident and after having assisted the owner in installing the pool. The court held that there was no duty on the manufacturer to warn of obvious dangers and that the vertical dive attempted by plaintiff involved an obvious risk, so that the proximate cause of the injury was plaintiff's own conduct in diving into water which was too shallow. See also: *Howard v. Poseidon Pools, Inc.*, 72 N.Y.2d 972, 534 N.Y.S.2d 360, 530 N.E.2d 1280 (1988).

Finally in *Colosimo v. May Department Store Co.*, 466 F.2d 1234 (3rd Cir.1972), the Court of Appeals for the Third Circuit reversed a jury's finding of liability and entered judgment n.o.v. in favor of the seller of the pool where an

experienced, fifteen year old swimmer had been injured by diving head first into an above ground swimming pool which he knew to contain only three (3) feet of water. The absence of warnings regarding diving, the Court held, was not a substantial factor in causing plaintiff's injuries because he had been well aware of the risk of diving head first into shallow water. See also: *McCormick v. Custom Pools, Inc.*, 376 N.W.2d 471 (Minn.App.1985).

 These decisions, although not binding, are persuasive. The plaintiff-appellant in the instant case, knowing full well the depth of the water in the pool, climbed upon a railing which stood three and one-half (3½) feet above the edge of the pool and dived head first into four (4) feet of water. The risk in performing such a dive was obvious. It was the foolhardiness of attempting such a dive while appellant was having trouble maintaining his balance that was the legal cause of his injuries and not the absence of warnings pertaining to the risks attendant upon diving into shallow water from the rim of the pool.

It is true, of course, that ordinarily issues of legal causation are for the trier of the facts. Where only one conclusion may be drawn from the established facts, however, the question of legal cause may be decided as a matter of law. Here, the causation issue can be decided as a matter of law. It was the plaintiff-appellant's conduct, rather than any failure to warn of the dangers of diving into shallow water from the rim of the pool, which was the legal cause of his injuries.

 The three and one-half (3½) feet high railing around the pool had been erected by the Clarks subsequent to their purchase of the pool. The pool had not been sold as a diving pool, and the railing had not been sold as part of the pool assembly or at any other time by Kiddie City. Indeed, the seller had not even been consulted about the erection of the railing around the pool. The railing had been constructed separately and independently of the original purchase. Under these circumstances, the seller was

not chargeable with notice of the changes made by the purchaser. Therefore, it cannot be said that the pool was sold in a defective condition because of a failure to warn of the risk inherent in diving into shallow water from the three and one-half (3½) feet high railing erected by the purchaser. Similarly, it cannot be said that the pool was defectively designed because it was not constructed to accommodate such a dive.

Because the seller had no duty to warn of the risk in diving into the pool from the railing constructed by the purchaser and because the absence of a warning against diving head first into the pool from the rim thereof was not the legal cause of appellant's injury, the summary judgment in favor of the defendant-seller was proper.

Judgment affirmed.

KELLY, J., concurs in the result.