J-A15009-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| KELLIE ROADMAN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PHANTOM ENTERPRISES, LP AND | : | No. 1333 WDA 2021 |
| LESLIE BAUM ROSSI, T/D/B/A THE | : | |
| TRUMP HOUSE | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PAULA D. MILLER | : | |

Appeal from the Order Entered October 22, 2021
In the Court of Common Pleas of Westmoreland County Civil Division at
No(s):  No. 1499 of 2018

BEFORE:  BOWES, J., KUNSELMAN, J., and SULLIVAN, J.

MEMORANDUM BY BOWES, J.:                **FILED: AUGUST 22, 2022**

Kellie Roadman ("Roadman") appeals from the October 22, 2021 order granting summary judgment in favor of Phantom Enterprises, LP ("Phantom Enterprises") and Leslie Baum Rossi ("Rossi") (collectively, "Defendants") with respect to Roadman's negligence claims.  We affirm.

The trial court authored an apt summary of the factual history of this controversy, which provides as follows:

> On October 25, 2016, Paula Miller was driving to a property owned by Phantom Enterprises, which had principal members including Leslie Baum Rossi and Michael Rossi.  The property is located along State Route 982 and is known to the public as the "Trump House" because it is painted red, white, and blue, has a 14-foot-tall likeness of former president Donald Trump, and is open to the

public to obtain campaign materials. On the day in question, Savannah Logan ("Logan") was a front-seat passenger in Miller's vehicle. While making a left-hand turn into the driveway of the Trump House, Miller's vehicle was hit by a vehicle driven by Roadman, which was approaching straight in the oncoming lane of traffic on State Route 982. . . .

Logan filed a lawsuit claiming negligence against Defendants and Roadman. Roadman brought a lawsuit claiming negligence against [Defendants, arguing they] violated multiple provisions of the vehicle code regarding driveway maintenance and conspicuity, which create[s] an issue of fact as to the elements of duty and breach of duty, and these violations led to the resulting collision between the two vehicles.[1] Defendants argued that Miller was the only one [who] breached a duty by neglecting to yield the right-of-way . . . .

Trial Court Opinion, 10/22/21, at 1-2 (cleaned up).

In pertinent part, Roadman alleged that "[a]s a result of the poor conspicuity of the single driveway to the Trump House, as well as the numerous signs, posters, and displays located on Defendants' property, [Miller] was distracted and not able to . . . safely locate the driveway entrance for the Trump House." Roadman's Complaint, 4/6/18, at ¶ 16; *see also id*. at ¶ 19 (detailing the alleged legal deficiencies of Defendants' driveway and the signage on the property). Defendants filed an answer and new matter arguing, *inter alia*, that the traffic collision was not proximately caused by the condition of the driveway and property. **See** Defendants' Answer and New

---

[1] The separate lawsuits filed by Roadman and Logan were consolidated solely for discovery purposes pursuant to Pa.R.C.P. 213(a). **See** Order, 9/21/18, at 1 (unpaginated). Logan has filed a statement of no interest pursuant to Pa.R.A.P. 908 in this Court and, thus, has not participated in this matter.

Matter, 6/15/18, at ¶¶ 23-38. Defendants also filed a praecipe to join Miller as an additional defendant.[2] Thereafter, the parties engaged in extensive discovery that took place over the next three years.

On July 16, 2021, Defendants filed a motion for summary judgment asserting, *inter alia*, that Roadman had not, and could not, establish the necessary causal connection between Defendants' property and the accident. **See** Motion for Summary Judgment, 7/16/21, at ¶ 24 ("[N]either the house or property or anything going on there contributed to the accident. . . . The accident was due to the failure of the operator of the left turning unit to wait until the way was clear to proceed and there was no oncoming traffic."). Roadman filed a response in opposition, which misstated the legal standard for negligence by indicating that the presence of a breach of duty of care established a *prima facie* case, and did not respond to Defendants' arguments concerning the absence of proof of the causal element of negligence. **See** Response in Opposition to Summary Judgment, 8/12/21, at 12.

On October 22, 2021, the trial court filed an order and opinion granting Defendants' motion for summary judgment and dismissing Roadman's

_____

[2] In conformity with this praecipe, Roadman filed a complaint joining Miller as an additional defendant. **See** Complaint to Join Additional Defendant, 9/10/18, at 1-3. Following joinder, Miller filed a copy of a release executed between herself and Roadman. In exchange for a total sum of $25,000, Roadman agreed to discharge "any and all actions, causes of action, claims, demands, damages, costs, loss of services, expenses, compensation, and all consequential damage" against Miller in connection with the October 25, 2016 accident. **See** Exhibit to Answer, 10/15/18, at 1.

negligence claims. On November 9, 2021, she filed a timely notice of appeal.

Both the trial court and Roadman have complied with the mandates of

Pa.R.A.P. 1925. This matter is now ripe for our consideration.[3]

Roadman has raised two issues, which are framed as follows:

1. Whether the trial court's finding that Roadman failed to adduce sufficient evidence on the element of proximate causation to establish a *prima facie* case of negligence against Defendants was in error or against the weight of the evidence?

2. Whether there are disputed issues of material fact relative to Roadman's claims of negligence against Defendants, such that summary judgment was not proper?

Roadman's brief at 17 (cleaned up). Although stated as two separate issues,

Roadman's arguments essentially present a single argument, namely, that the

trial court erred in granting summary judgment due to the existence of

material facts with respect to an element of negligence, *i.e.*, causation. **Id**.

at 24 ("[T]he trial court erred in finding that [Roadman] did not adduce

sufficient facts to create a question for the jury as to whether [Defendants']

breach . . . proximately caused the subject motor vehicle incident.").

Therefore, we shall address these claims collectively.

_____

[3] Although the trial court's entry of summary judgment in favor of Defendants disposed of all of Roadman's claims against Defendants, her additional claims against Miller remained unresolved. On March 3, 2022, this Court initially quashed this appeal due to the existence of these outstanding claims. **See** Order, 3/3/22, at 1. Upon application from Roadman, we vacated that order and permitted her leave to file a *praecipe* to settle and discontinue this matter with respect to Miller. **See** Order, 3/8/22, at 1. On March 11, 2022, Roadman filed proof of the filing of the *praecipe*. **See** Response to Order, 3/11/22, at 1-7. Thus, the underlying order here is now final. **See** Pa.R.A.P. 341(b)(1).

The following legal principles will guide our review. Summary judgment is only appropriate in "those cases where the record clearly demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." *Summers v. Certainteed Corp.*, 997 A.2d 1152, 1159 (Pa. 2010); *see also* Pa.R.C.P. 1035.2. Thus,

> [w]hen considering a motion for summary judgment, the trial court must take all facts of record and reasonable inferences therefrom in a light most favorable to the non-moving party. In so doing, the trial court must resolve all doubts as to the existence of a genuine issue of material fact against the moving party, and, thus, may only grant summary judgment where the right to such judgment is clear and free from all doubt. On appellate review, then, an appellate court may reverse a grant of summary judgment if there has been an error of law or an abuse of discretion. But the issue as to whether there are genuine issues as to any material fact presents a question of law, and therefore, on that question our standard of review is *de novo*.

*Id*. (cleaned up). Furthermore, "[t]o the extent that this Court must resolve a question of law, we shall review the grant of summary judgment in the context of the entire record." *Id*.

As noted above, Roadman's claims sound in negligence, which has four elements that must be established by a petitioning plaintiff: (1) a duty to conform to a certain standard for the protection of others against unreasonable risks; (2) the defendant's failure to conform to that standard; (3) a causal connection between the conduct and the resulting injury; and (4) actual loss or damage to the plaintiff. *Jones v. Plumer*, 226 A.3d 1037, 1039-40 (Pa.Super. 2020). This case turns upon the issue of causal connection, or "proximate causation," which "is defined as a wrongful act

which was a substantial factor in bringing about the plaintiff's harm." ***Eckroth v. Pennsylvania Elec., Inc.***, 12 A.3d 422, 428 (Pa.Super. 2010) (cleaned up). In this context, "[a] determination of proximate or legal causation . . . essentially regards whether the alleged negligence was so remote that as a matter of law, the defendant cannot be held legally responsible for the subsequent harm." ***Id***. (cleaned up).

Instantly, Roadman's claims focus upon various legal and physical deficiencies that allegedly existed upon Defendants' property, which can be reasonably broken down into three broad categories: (1) the driveway leading to the property was not clearly marked and violated numerous provisions of Pennsylvania traffic law;[4] (2) signage and other objects maintained on the property were erected without a permit; and (3) the lack of traffic control

---

[4]  Roadman relies upon a number of different statutes in support of this position. **See** 36 P.S. § 670-420(2) ("No person, municipality or municipality authority shall open a driveway onto a State highway . . . without a permit."); 67 Pa. Code §§ 441.6(12) ("All driveways . . . within the highway right-of-way shall be continuously maintained by the property owner so as to conform to the permit and so as not to interfere or be inconsistent with the design, maintenance, and drainage of the highway, or the safe and convenient passage of traffic upon the highway."); 441.7(a) ("Driveways shall be located, designed, constructed and maintained in such a manner as not to interfere or be inconsistent with the design, maintenance and drainage of the highway."); 441.7(f)(1) ("The location and angle of an access driveway approach in relation to the highway intersection shall be such that a vehicle entering or leaving the driveway may do so in an orderly and safe manner and with a minimum of interference to highway traffic."); 441.8(a) ("The ability of a driveway to safely and efficiently function as an integral component of a highway system requires that its design and construction be based on the amount and type of traffic that it is expected to serve and the type and character of roadway which it accesses.").

devices at the intersection between the driveway and the highway. The trial court aptly summarized Roadman's theory of liability, as follows: "Defendants materially altered their property by opening it to the public and did so without proper planning or maintenance to the driveway to the property, resulting in a foreseeable risk that the volume of traffic would exceed the scope of the existing driveway." Trial Court Opinion, 10/22/21, at 4-5.

The trial court credited these allegations and concluded that Roadman's arguments and evidence had readily established issues of material fact with respect to duty and breach. *Id*. However, even viewing the evidence in the light most favorable to Roadman, the trial court ultimately concluded that causation was lacking:

> Since the facts established by [Roadman] do not support a finding that the accident at issue in this case occurred as a result of the inadequacies of [Defendants'] driveway, this [c]ourt cannot find that [Defendants] would have foreseen that their failure to adhere to the Vehicle Code provisions cited would result in a vehicle turning left against the right-of-way. There is nothing of record that establishes proximate cause between the failure to maintain the driveway and the accident that occurred in this case, . . . . As a result, [Roadman has] failed to establish the necessary element of proximate cause to support [her] negligence claim and summary judgment must be entered.

> [E]ven if the court accepts as true that Defendants had a duty to obtain a permit and breached that duty by putting up large signs and a likeness of Donald Trump, [Roadman] once again fail[s] to establish the requisite causal connection between that breach and the . . . accident. There is no evidence of record that either of the drivers were distracted by any of the signs when operating their vehicles immediately prior to the accident . . . . There is also no evidence of record that the signs impeded or obstructed the view of a motorist existing or entering the driveway[,] or impeded or obstructed the view of vehicles on the roadway . . . .

Finally, [Roadman argues] that Defendants should have used traffic cones or signals to assist traffic in exiting and entering the driveway. . . . However, none of the statutory provisions relied upon impose a duty to direct traffic or install or seek to have installed traffic devices before inviting the general public to one's property.

*Id*. We agree with the trial court.

In particular, the deposition testimony attached to both Roadman's and Defendants' summary judgment filings speak definitively regarding the issue of causation. Roadman testified at her deposition that there were no unusual traffic activities at the entrance to Defendants' property at the time of her accident. *See* Motion for Summary Judgment, 7/16/21, at Exhibit F at 28. Additionally, Roadman stated that her driving that led to the accident was not affected by anything on Defendants' property. *Id*. at 29. Finally, Roadman also stated that Defendants' driveway was "well marked." *Id*. at 51. The other driver, Miller, similarly testified that she had no trouble locating the driveway, which was readily observable. *See* Motion for Summary Judgment, 7/16/21, at Exhibit H at 21-22, 69. Miller also stated that nothing in the design of, or traffic across, the driveway affected her driving that day. *Id*. Finally, Miller testified that she was not distracted by the signage on the property at the time of the accident. *Id*. at 20.

Furthermore, deposition testimony from members of the Pennsylvania State Police also support such a conclusion. Trooper Donald R. Ament, Jr. testified that he concluded that the accident had been caused solely by driver

error. *See* Motion for Summary Judgment, 7/16/21, at Exhibit I at 34 ("[I]t wasn't any type of environmental factor or anything that occurred with the vehicle . . . . It was the driver making the decision to turn the vehicle."). Trooper Ament concluded that Defendants' property had not caused, or otherwise contributed to, the accident. *Id*. at 71-72. Corporal Scott Myers similarly opined that the driveway leading to Defendants' property had played no role in the accident. *See* Motion for Summary Judgment, 7/16/21, at Exhibit J at 16-17. Our review of the foregoing testimony confirms that there is simply no evidence of record to suggest that this accident was caused by some condition present on Defendants' property.

Roadman's substantive argument suggests that the issue of causation must be submitted to the jury simply because the trial court concluded that material issues of fact exist with respect to duty and breach:

> The trial court found genuine issues of material fact relative to [Defendants'] duty to [Roadman], . . . . Similarly, the trial court found genuine issues of material fact as to whether or not [Defendants] breached that duty, . . . . As a result of those findings, the trial court erred in finding that [Roadman] did not adduce sufficient facts to create a question for the jury as to whether [Defendants'] breach of these duties proximately caused the subject motor vehicle incident.

Appellant's brief at 24. Thus, Roadman seems to believe that she is not required to adduce independent evidence of causation. She is mistaken.

We emphasize that, "even when it is established that the defendant breached some duty of care owed the plaintiff, it is incumbent on a plaintiff to establish a causal connection between defendant's conduct, and it must be

shown to have been the proximate cause of plaintiff's injury." ***Lux v. Gerald E. Ort Trucking, Inc.***, 887 A.2d 1281, 1286 (Pa.Super. 2005) (cleaned up). Although proximate causation is often left for the jury to determine, ***see Mucowski v. Clark***, 590 A.2d 348, 351 (Pa.Super. 1991), Pennsylvania courts "must be mindful that a jury may not be permitted to reach its verdict on the basis of speculation or conjecture[.]" ***InfoSAGE, Inc. v. Mellon Ventures, L.P.***, 896 A.2d 616, 626 (Pa.Super. 2006). Thus, it is appropriate to enter summary judgment on the proximate cause grounds in a case where no material dispute exists. ***See Mucowski***, ***supra*** at 351 ("Where only one conclusion may be drawn from the established facts, however, the question of legal cause may be decided as a matter of law."); ***see also Cuthbert v. City of Philadelphia***, 209 A.2d 261 (Pa. 1965) ("[M]ere existence of negligence and the occurrence of injury are insufficient to impose liability upon anyone as there remains to be proved the link of causation.").

Based on the foregoing discussion, this is a case that warranted entry of summary judgment due to a lack of evidence of causation. Thus, we discern no abuse of discretion or error of law in the trial court's holding.

Order affirmed.

Judgment Entered.

*Joseph D. Seletyn*

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/22/2022

- 10 -